^Wood, J.
From the admissions and proofs in this case, the question first arises whether Hulburd was the guardian of this minor heir, the plaintiff’s lessor, when the petition for the sale of her land was filed. If not, there was a defect of power, and the subsequent proceedings conveyed no titje to the defendant, but it *378 still remains in Mary S. Perry. This question must be determined principally by the construction of our own statute, and we have not been able to find any case strictly analogous in the reports of other states.
If this question be decided in the negative, there is clearly an end of the affair; it then becomes unnecessary to touch any other question raised, but judgment must be given for the plaintiff.
The statute provides that the court of common pleas shall have power, when they think it necessary, to appoint guardians for minors, and, on good cause shown, to authorize such guardians to sell such minor’s land. Swan’s Stat. 430. Section 6 enacts, “ that when those minors aforesaid, males above fourteen, and females above twelve years of age, or when any minors for whom the court have appointed a guardian or guardians, shall arrive at the respective ages aforesaid, such minors may severally choose a guardian or guardians, such as the court shall approve, and if such minors do not come before the court and choose a guardian or guardians after being notified by the court so to do, the court shall appoint a guardian or guardians for them as aforesaid.”
It seems to us the obvious construction of this section is, that the appointment of a guardian to a female under twelve years, though unlimited on the face of the appointment, ceases by its legal expiration when the ward arrives at the age of twelve years. At that age the law deems her of sufficient discretion and capacity to have a choice of the person who is to control not only her property but herself, subject, nevertheless, to the approval of the court; and it is then, only, after being notified to appear and make such choice, and refusal on her part, that the court are authorized and required to appoint a guardian if she is over twelve years of age.
*That the appointment expires by its own limitation when the ward arrives at the age of twelve years, was decided in the case of Campbell v. English and wife, Wright, 119. The court then held this language: “A guardian for a female under twelve years of age continues only until the ward attains to that age. A guardian, or a man that has been guardian, after his guardianship has expired, has no more power than if he had never been appointed.” We see no reason to question the soundness of this principle. It accords with our own views.
How, then, stands the case at bar? It is admitted the guardian *379 filed his petition for the sale of the land after the ward had arrived at the age of twelve years, and at a time when the law had determined his guardianship. All the proceedings subsequent to, and including the petition for the sale of the lot, are therefore void, and convey no title to the defendant. Judgment for plaintiff.