Smith, J.
In the court of common pleas, Mr. Jelke brought an action in ejectment against the defendant, Mrs. Forrest, to recover certain real estate, of which he averred in his petition that he was the owner, and to the possession of which he was entitled, and that the defendant unlawfully kept him out of the possession thereof.
The answer filed by the defendant, by the first defense admits that she is in the possession of the said premises, but. denies that the plaintiff has any title thereto. For a second defense she avers, that prior to September 26, 1863, one Leonard Swartz was the owner of a certain tract of land containing 12 19-100 acres, and on that day he and his wife Sarah con *25 veyed to W. T. Forrest, the husband of the defendant, eight acres off of the west side thereof, and that said Forest after-wards devised the same to her; that at the time of the conveyance thereof by Swartz to Forrest, there was, and for many years had been, a board fence between what was known as the pasture lot of said tract of twelve acres, and the lawn or house tract of eight acres so conveyed to Forrest; that this fence was thereafter accepted as the line between the two tracts, by Swartz and Forrest, and that they treated the same as the line between their respective tracts, and each cultivated and improved up to the same, and exercised dominion on their several tracts up to such fence; that the part now in controversy has ever since said conveyance to Forrest, remained in the uninterrupted and undisturbed possession of said Forrest and of this defendant, his devisee, with the knowledge of Swartz and of his grantees, including the plaintiff, from September 26, 1863, to the date of the filing of the petition in this case (August 13, 1890), whereby the plaintiff is estopped from claiming title or possession thereto. The reply of the plaintiff denies all of these allegations.
Several questions have been presented to us as to form and effect of these pleadings, and the character of evidence which was admissible under them. We are of the opinion :
First — That the petition was in proper form, and as it did not show that the statute of limitations had run against the claim of the plaintiff, he was not bound therein to bring himself within any of the exceptions contained in such statute.
Second — The first defense was a denial of the title of the plaintiff to this land. Under this, the defendant was authorized to show, that she and her grantor had occupied the land in question, adversely, for more than twenty-one years before the bringing of the action, and therefore that the plaintiff had no title or right to recover as against her. But the second defense did not seem to specially plead the bar of the statute, as the defendant might have done; or at least did not do so in the usual and proper form — it did not in terms allege that *26 the plaintiff’s cause of action did not accrue within twenty-one years next before the bringing of the action. It did allege that defendant and her grantor had held the undisputed possession thereof since September 26, 1863, under such.circumstances as would estop the plaintiff from claiming the possession. It was rather a plea of estoppel than of the statute of limitations, and we think it did not require of plaintiff that by his reply he should set out facts'which showed that he was within one of the exceptions of the statute of limitations.
Third — On the issues thus made, it became a question of proof. The plaintiff, to entitle him to recover, was bound to show that be had a good paper title, which, if shown, would prima facie entitle him to the possession. This the defendant might defeat by showing that for more than twenty-one years next before the bringing of the suit, she and her grantor had occupied the premises openly, notoriously and adversely, unless in rebuttal the plaintiff could show that notwithstanding this, owing to some exception in the statute itself, he was authorized to bring the action when he did.
On this basis the trial proceeded to the court and jury, evidence having been introduced by both parties in support of their respective claims, and without objection, and we understand it to be conceded that the plaintiff proved a good paper title in himself, and that the defendant showed that she and her husband, under whom she claimed, had been in the open, notorious, exclusive and adverse possession of the strip in question, from September 26, 1863, up to the commencement of this action (August 13, 1890), a period of nearly twenty-seven years. The plaintiff then could only be entitled to recover, by showing that under some exception of the statute, it had not run against him.
The facts shown were these: On the 26th of September, 1863, Mrs. Sarah A. Swartz, wife of Leonard Swartz, was the owner of the whole tract of 12 acres before mentioned, the eight acres of which, were on that day conveyed by her and her husband to Mr. Forrest. She had acquired the title to the *27 whole tract by conveyance from Geo. W. Swartz, on January 27, 1862, as we think, though the deed, evidently by mistake, appears to be acknowledged January 27, 1861. We understand it to be conceded by counsel on both sides, that under the provisions of the statute of limitations of 1850, which we think govern this case, that so long as the marriage relation existed between Mr. and Mrs. Swartz, and for ten years after the death of the husband, if the wife survived him, she would not be barred from prosecuting an action to recover the title to real estate acquired and held by her during coverture, or from recovering the same if she could prove a good paper title thereto, notwithstanding the fact that the defendant in the action had occupied the property in question for much more than the twenty-one years next prior to the bringing of the action.
But on February 21, 1873, Mrs. Swartz, with'her. husband, conveyed all of her interest in the remainder of the twelve acres, and in this strip of land in question, to a Mr. Core, and his title afterwards came to Jelke, the plaintiff. Of course, Core might have brought his action at once against Forrest to recover the strip, as might any of his grantees. As Forrest at that time had occupied this strip adversely only a little more than ten years, to gain the title thereto by occupancy he must continue such adverse possession for nearly eleven more years, and the principal question which has been argued to us, (and it is a very interesting one), is, whether Core, or any of his grantees, deriving title from Mrs. Swartz, then a married woman, must, to prevent the bar of the statute, have brought an action for the recovery of the property before Forrest or his grantees had so occupied it for twenty-one years. Or whether, under sec. 10 of the Code of 1853 (S. & C. 945), which was in force when the right of Mrs. Swartz to bring this action accrued), her grantee occupied precisely the same position that she would have done, had she retained the title. If so, such grantee, according to the provisions of such sec-ion, might “ after the expiration of twenty-one years from the *28 time his right or title first descended or accrued, bring such action within ten years after such disability is removed, and at no time thereafter.” And in this case, the disability of coverture of Mrs. Swartz was removed by the death of her husband, whom she survived.
So far as we can see, this question is settled by the decisions of the Supreme Court in the cases of Ford v. Langel, 4 Ohio St. 465, and Wintermute v. Montgomery, 11 Ohio St. 442. In, the first of these cases, the syllabus is this : fi The grantee or heir of one protected from the operation of the statutory bar is entitled to the full benefit of that protection, and may bring a suit within the same time, and to the same effect,as though no change of ownership had occurred, and the suit-was prosecuted in the name and for the benefit of the original owner.” And in the other case this language is used and approved by the court, on page 448. We see no way to escape the force of these rulings, and must be governed by them, and hold, that as Mrs. Swartz, if she were now living and the owner of the title to this strip, would be entitled to maintain an action and recover the same, if brought within twenty-one years after the death of her husband, notwithstanding the fact that the defendant and her grantor had occupied the property adversely for more than twenty-one years, that the .grantee occupies precisely the same position, and can bring the action within the same period. In our opinion, therefore, the holding of the common pleas on this point was right.
It is further claimed that the trial judge erred in instructing the jury to render a verdict for the plaintiff. That he assumed to be true what was not conclusively shown by the evidence, or admitted by the defendant, viz., that Mr. Swartz died less than ten years before the time of the bringing of this action, and after Aug. 13,1880. If he died before that date, the fact would be under the law as stated, that Jelke must have failed in his actions, for as Forrest took possession of the property in dispute Sept. 26, 1863, and occupied it adversely from that time forward, on Aug. 13, 1880, he had so held it for nearly *29 seventeen years, and if the grantee of Mr. and Mrs. Swartz allowed more than ten years to elapse after the death of her husband, without bringing suit,his right to do so would be barred. If, therefore, it is not proved that Swartz died after Aug. 13, 1880, or if there is any question to this on the evidence, the trial judge was not warranted in saying -to the jury that ten years had not elapsed since the death of Swartz at the time of the commencement of the action ; but he did say so expressly. That was a question which should have been settled by the jury, if there was the least doubt on the subject.
So far as the bill of exceptions shows, (and it is certified to contain all of the evidence offered), there was no admission by the defendant during the trial, that Swartz had died within the ten years before suit brought. Counsel expiessly declined to do so, when requested. The only person who testified on that point was the plaintiff, who evidently had no knowledge in regard thereto. He stated several times that he had no knowledge as to when Swartz died; that he did not know him, and could not say in what year it was; but what he had heard of it, or saw it in the paper several years before he testified. He did say, in answer to a very leading and suggestive question put to him by his counsel, that he had died since he (Jelke) “ lived out therebut it is not shown when witness “ lived out there.” No other evidence was offered on this point by either party.
We think that the plaintiff, to bring himself under the exceptions of the statute, and to entitle him to recover, should have shown that Swartz died after Aug. 13, 1880. If he did not, on the admitted facts, he was barred of his right to do so. If the court had, under appropriate instructions, submitted this whole question to the jury, and they had found for the plaintiff, we would not have felt disposed to interfere with their finding. But they were not allowed to pass upon the question, but were directed to return a verdict for plaintiff'. In our opinion this was erroneous and prejudicial.
We suppose from the statements of counsel, made on the *30 argument of this case to us, that the fact is that Swartz died after 1880. And so far as we can see, defendant would not be substantially benefited by a reversal of the judgment on this ground. We would suggest whether it would not therefore be advisable, if it is desired to have the opinion of the Supreme Court on the'main question, to waive this error and allow the other question to stand for review. If not waived, the judgment should be reversed.
Follett & Kelley and J. Ledyarcl Lincoln, for the plaintiff in error.
Edward Goulson and F. Jelke, Jr., for defendant in error.