WILBERFORCE UNIVERSITY, APPELLANT, *v.* COLLEGE OF EDUCATION AND INDUSTRIAL ARTS AT WILBERFORCE UNIVERSITY, APPELLEE.

(No. 508—Decided December 11, 1948.)

Mr. Julius R. Samuels, Messrs. Smith, McCallister & Gibney and Mr. Norman L. McGhee, for appellant.
Mr. Hugh S. Jenkins, attorney general, Mr. Joseph S. Gill and Mr. Ray E. Hughes, for appellee.

BY THE COURT. This is an appeal on questions of law from the Common Pleas Court of Greene county, which rendered judgment for the defendant in an action in ejectment. The action was tried to the court without a jury. The court found that the defendant had acquired title to the property in question by adverse possession.

The seven separate grounds of error assigned are considered as one, namely, that the judgment is not sustained by the evidence and is contrary to law.

The petition and the answer were in short form as authorized by Sections 11903 and 11904, General Code. The plaintiff contends that acquisition of title by adverse possession by the defendant was an affirmative defense and should have been specially pleaded in the answer. Under the Code, adverse possession may be shown under a general denial. *Wintermute* v. *Montgomery*, 11 Ohio St., 442; *Kyser* v. *Cannon*, 29 Ohio St., 359; *Rhodes* v. *Gunn*, 35 Ohio St., 387; 1 Ohio Jurisprudence, 571, Section 61.

The evidence shows that Wilberforce University, which was chartered by the state of Ohio in 1856, purchased a tract of land in Greene county in 1859, on

which educational buildings were afterwards erected. In 1887 the General Assembly established the "Combined Normal and Industrial Department at Wilberforce University, Greene County, Ohio," which in 1941 through a legislative enactment (119 Ohio Laws, 310) became the "The College of Education and Industrial Arts at Wilberforce University, Greene County, Ohio." The two institutions have always been and are now separate entities, Wilberforce University being supported, controlled and managed by the African Methodist-Episcopal Church and the college of education by the state of Ohio.

This action involves the building known as "O'Neill Hall" and the land upon which it stands, which is a part of the tract of land purchased by Wilberforce University in 1859. The record title is now and always has been in Wilberforce University.

The construction of O'Neill Hall was completed in 1891. For several years prior thereto Wilberforce University made an effort to raise the necessary funds to erect the building. The record does not show that any funds raised by Wilberforce University were ever expended for that purpose. On the contrary, the evidence shows that the state of Ohio appropriated $10,000 in 1891 (88 Ohio Laws, 590) and $16,000 in 1892 (89 Ohio Laws, 340) for constructing and equipping the building. Even though it be inferred that Wilberforce University did contribute a portion of the original cost of the building, this fact alone would not prevent the state of Ohio from acquiring title by prescription. From the time of the construction of the building to the present, the cost of the maintenance, repairs and equipment of the building has been paid by the state of Ohio. The management, control and supervision of the building and activities therein have always been under the state institution.

O'Neill Hall has been used for dormitory purposes, being occupied almost exclusively by students attending the state institution and such students were not charged rent. In case students of Wilberforce University were housed in the hall, permission to use the building for that purpose was first obtained from the business manager or superintendent of the state institution, and rent was charged such students. The rent paid by the university students who used the hall was placed in a separate dormitory fund which was used to defray dormitory maintenance expenses. Over the years it was the general understanding by those connected with both institutions that O'Neill Hall was owned by the state.

In order to acquire title by adverse possession for 21 years or over, the possession must be actual, open and notorious, hostile and under claim of right, continuous and exclusive. 1 Ohio Jurisprudence, 494, Section 6. The evidence presented meets this test. It has been held that the building of a permanent structure upon the property of another is an adverse and hostile possession under which title may be claimed after 21 years, unless it is shown to have been done under a contract or license. *McCleery* v. *Alton,* 8 C. C. (N. S.), 481, 19 C. D., 97.

The fact that the building for a short period of time, through the co-operation of both institutions, was used by the R. O. T. C. during the late war, the membership of which consisted of students from both institutions, we regard as immaterial.

As we find no error in the record, the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.