SMITH, APPELLEE, v. KRITES, APPELLANT.

(No. 992—Decided April 11, 1950.)

*Messrs. Meredith & Meredith,* for appellee.
*Mr. James C. Blair* and *Mr. C. W. Long,* for appellant.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas

of Allen County, in an action wherein the appellee, Nellie J. Smith, was plaintiff, and the appellant, Revis Krites, was defendant.

The pleadings upon which the cause was submitted to the Common Pleas Court are the amended petition of the plaintiff and the answer of the defendant.

In her amended petition the plaintiff, in substance, avers that she is the owner in fee simple of certain premises in the city of Lima; that the defendant is the owner of certain other premises situated in that city; that there is an alley platted between the property owned by the plaintiff and the property owned by defendant; that such alley, as actually located and used by the plaintiff and her predecessors in title and the public generally, cuts across a certain triangular tip of the property owned by the defendant; that about 15 feet of the eastern triangular tip of defendant's property is now and has been for more than 21 years last past continuously and uninterruptedly used by plaintiff and her predecessors in title as a means of ingress and egress to and from their premises, and is used by the public generally for public alley purposes; that this use has been adverse to and with the acquiescence of the defendant and her predecessors in title without any express permission from the owners thereof for a period of more than 21 years; that said alley as now located and used does not follow its platted boundaries but occupies the aforesaid portion of defendant's premises; that the alley as now located has been improved and maintained by the city of Lima and is now and has been for more than 21 years used by the public and by the other property owners adjoining it, including the plaintiff and her predecessors in title, as a mode of ingress and egress to and from plaintiff's property; that said use has been continuous and uninterrupted without any express authority from

the defendant and her predecessors in title, but with full knowledge of and without express objection by them; that the defendant has barricaded the alley so that it is impossible for plaintiff or any one else to use the east end of it or to continue to use it as a means of ingress and egress to and from plaintiff's property; and that defendant threatens to continue to prohibit the use of the alley as a means of such ingress and egress and as a public alley.

The prayer of plaintiff's amended petition is for a permanent injunction restraining the defendant from barricading the alley; that plaintiff's right to an easement over the east 15 feet of the property of defendant for driveway purposes be forever quieted; and for such other and further relief as she may be entitled to.

By answer, the defendant admits the ownership of the properties and that a public alley is located between the properties so owned, and denies the allegations of the amended petition not specifically admitted in the answer.

It appears from the evidence that the alley in question, as it is located and used by the public, does not coincide with its platted location but veers to the north and across the eastern tip of a triangular portion of defendant's property, and that as so located it has been used by the public generally and by plaintiff and her predecessors in title as a public alley for more than 21 years prior to the time it was barricaded.

However, the description of that portion of defendant's property upon which the alley is so located is not specifically set forth in the evidence.

It appears further that during the period of more than 21 years the alley has been improved at such location for public alley purposes; that the use of the property for public alley purposes has been so open,

continuous, and notorious that such use has been and is a matter of common knowledge; that both plaintiff and the defendant acquired their properties within the last few years; and that neither owned their properties at the time the above-mentioned use commenced. The chains of title of the parties are not in evidence.

At the close of plaintiff's evidence, defendant moved the court to dismiss the amended petition for the reason that plaintiff failed to prove a case. This motion was overruled by the court, whereupon defendant rested without introducing any evidence.

The court found generally in favor of the plaintiff on the issues joined and found specifically that the plaintiff and the public have a prescriptive right over the east 15 feet of the property of the defendant for the purpose of ingress and egress. Based upon such findings, the court quieted the title of the plaintiff against the defendant and her heirs, administrators, and assigns.

The court ordered further that the defendant should remove the barricades and enjoined the re-erection thereof.

It is from that judgment that this appeal is taken.

Defendant contends that the judgment is contrary to law for the reason that plaintiff has failed to prove the essential elements of a title by prescription set forth as follows in 15 Ohio Jurisprudence, 63, 144, Sections 45, 121, and 1 Ohio Jurisprudence, 558, Section 55:

1. That the use and enjoyment of what is claimed as an easement was adverse under claim of right.

2. That the use and enjoyment of what is claimed as an easement was exclusive.

3. That the use and enjoyment of what is claimed as an easement was continuous and uninterrupted for a period of 21 years.

4. That the use and enjoyment of what is claimed as an easement was within the knowledge of the owner of the estate over which the easement is claimed.

In considering defendant's contention, it is necessary to consider the following rules of law applicable to the acquisition of title by prescription:

1. It is not essential that possession for the full 21 years be continuous in one person, as the doctrine of tacking has been definitely adopted in Ohio. *McNeely* v. *Langan*, 22 Ohio St., 32; *Zipf* v. *Dalgarn*, 114 Ohio St., 291, 151 N. E., 174.

2. The public may have and attain prescriptive rights, and roads and streets may be established by prescription, and neither an intention to dedicate nor acceptance is necessary. *Railroad Co.* v. *Village of Roseville*, 76 Ohio St., 108, at page 117, 81 N. E., 178.

3. In order to create a right by prescription to a public street the user must be under a claim of right by the public, adverse to the owner, and continued without substantial interruption or change for a period equal to the statutory period of limitation in respect to actions for the recovery of real estate. *City of Topeka* v. *Cowee*, 48 Kan., 345, quoted with approval in *Railroad Co.* v. *Village of Roseville, supra,* at pages 117, 118.

4. Where one uses a way over the land of another, without permission, as an incident to his own land and continues to do so with the knowledge of the owner, such use is, of itself, adverse and constitutes evidence of a claim of right, and where the owner of the servient estate claims that the use was permissive, he has the burden of showing it. *Pavey* v. *Vance,* 56 Ohio St., 162, 46 N. E., 898.

In the light of these rules of law we will now discuss, in their order, the four conditions which the defendant contends are essential to the establishment of a right by prescription.

■ The use by the public of the portion of defendant's land for public alley purposes was, as demonstrated by the rule of law set forth in *Pavey* v. *Vance, supra,* of itself, adverse and constituted evidence of a claim of right.

The defendant introduced no evidence tending to show that the use was permissive, and, in the absence of such evidence, the court was warranted in finding that the use by the public was adverse and under a claim of right.

■ The use and enjoyment by the public of the portion of defendant's land for public alley purposes was exclusive in the sense that defendant and her predecessors in title were thereby excluded from exercising individual proprietary rights therein.

The use by the plaintiff and her predecessors in title of the portion of defendant's land for public alley purposes was a use as members of the public, and plaintiff and her predecessors in title acquired no easement thereby. They acquired only such right as the members of the public generally acquired to use the alley.

■ The evidence conclusively shows that the use and enjoyment of the land of defendant as an easement for public alley purposes was continuous and uninterrupted for a period of more than 21 years prior to the time defendant erected barricades upon the land.

■ As above stated, the public use as shown by the evidence in this case was of such an open and notorious character as to be a matter of common knowledge, and the defendant and her predecessors in title were charged with such knowledge.

Thus the evidence tends to prove all the essential elements of an easement by prescription in favor of the public over the land of the defendant for public alley purposes.

44

The plaintiff, as a member of the public injuriously affected by the action of the defendant in barricading such public easement, had the right to injunctive relief against such barricading, although she in her individual capacity had no right to such easement.

Therefore, the judgment is modified by striking out the finding and adjudication that the plaintiff is entitled to an easement. That part of the judgment which finds and adjudicates that the public is entitled to an easement is affirmed; and, since plaintiff is a member of the public injuriously affected by the act of defendant in barricading the alley, she, as such, was entitled to the injunctive relief granted by the trial court. Accordingly, the judgment, as modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

MIDDLETON and JACKSON, JJ., concur.