Argued March 9, affirmed March 29, 1967

RIDER, *Respondent, v.* POTTRATZ ET AL,
*Appellants.*

425 P. 2d 766

*Stanley J. Mitchell,* Oregon City, argued the cause for appellants. On the brief were Mitchell & O'Leary, Oregon City.

*John C. Anicker,* Oregon City, argued the cause for respondent. On the brief were Jack, Goodwin & Anicker, Oregon City.

Before PERRY, Chief Justice, and SLOAN, DENECKE and REDDING, Justices.

DENECKE, J.

In this suit to quiet title the trial court held that the plaintiff had acquired title by adverse possession and defendants appeal.

Plaintiff and her deceased husband purchased about two acres of real property in Canby, Oregon, in 1947. In the same year they transferred the southerly portion of such property to Schultz, who conveyed to Lorenz. In 1947 or 1948 Lorenz built a house and erected a 12- to 14-inch concrete retaining wall or curb and a picket fence on the north side of his property, the side adjacent to the Riders. The defendants Pottratz are the eventual successors in interest to Lorenz. They acquired the property in 1964.

The description in all the deeds was identical.

Defendants required a survey to be made before they purchased the property. The surveyor was of the opinion that the true northerly boundary of defendants' property was 14 feet north of the line formed by the wall and picket fence.

The trial court decreed that the survey was correct and we will assume this ruling to be correct.

We hold, as did the trial court, that plaintiff acquired title by adverse possession.

All the witnesses except the plaintiff testified that since the Lorenz's occupancy the wall-fence line had been accepted as the line between the two properties. There was considerable testimony that the Riders had used the now disputed portion as a lawn, a garden, for fruit trees and as a septic tank drainfield.

Defendants rely upon the testimony of plaintiff that she is not claiming any land she previously deeded to Schultz as evidence of the lack of any hostile intention. Mrs. Rider also testified that she believed that everything north of the wall-fence line was excluded from the transfer to Schultz. If the survey is correct she was mistaken in such belief.

■ After thorough consideration, in *Norgard v. Busher,* 220 Or 297, 301-304, 349 P2d 490, 80 ALR2d 1161 (1960), we held that an intent to claim land actually occupied under a mistaken belief of ownership is sufficient to establish the requisite hostile intent.

■ Defendants' principal contention is that when a person claiming title by adverse possession is the grantor, the notice of intention to hold hostilely must be express and explicit. They rely upon the principle, "* * * '[w]here a vendor, after having executed a deed, remains in possession of the premises conveyed, he is presumed to hold in subordination to the title conveyed, unless there is affirmative evidence of a contrary intention;' * * *." *Irby v. Irby,* 226 Ark 969, 973, 295 SW2d 634 (1956). Approved in *Reid v. Reid,* 219 Or 500, 506-507, 348 P2d 29 (1959). They contend the affirmative evidence to overcome the presumption of subordinate holding must be an express statement that a hostile holding is intended. This presumption of subservient holding has no basis in fact when the grantor's possesion is continued under the belief, mistaken though it may be, that the area in question was not included in the grant. The Washington court recently so held in *Stockwell v. Gibbons,* 58 Wash2d 391, 396, 363 P2d 111 (1961), stating:

"* * * This exception applies in those cases in which the grantor gives up possession of the major part of the property conveyed but remains

in possession of a portion of it under the mistaken belief that it was not conveyed. Under such facts there is no validity to the assumption, upon which the general rule is based, that the grantor remains in possession permissively under the grantee."

Further decisions, including some to the contrary, are collected at Annotation, 39 ALR2d 374, § 9 (1955).

Affirmed.