Argued October 27, affirmed December 8, 1975, reconsideration
denied January 7, petition for review denied February 10, 1976

# CITY OF ASHLAND, *Respondent, v.* HARDESTY
## ET AL (CA 4467), *Appellants.*
### 543 P2d 41

524

*Gerald J. Scannell, Jr.,* Ashland, argued the cause

for appellant. With him on the brief was Allen G. Drescher, Ashland.

*William, G. Carter,* Medford, argued the cause for respondent. With him on the brief were Grant, Ferguson & Carter, Medford.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

■ This is a suit for declaratory judgment in which the plaintiff, the City of Ashland, seeks a ruling that, in addition to certain deeded rights-of-way it possessed, it acquired by prescription an easement giving it a right-of-way across the defendants' properties from the public street to the city's sewage treatment plant. The trial court found that the city had acquired such an easement and one of the defendant property owners appeals. Since this is in the nature of a suit in equity, our review is de novo. *Port of Portland v. Maxwell,* 9 Or App 105, 110, 496 P2d 23 (1972).

The issues raised by the assignments of error are the following: (1) whether there was a material variance between the complaint and the proof at trial, (2) whether a municipal corporation can acquire an easement by prescription, and (3) whether the City of Ashland acquired a prescriptive easement across defendants' properties.

■ The defendant contends that the description in the complaint of one defendant's property leaves out a portion of the property across which the claimed prescriptive easement actually runs. The legal description of the prescriptive easement contained in the complaint is not alleged to be faulty or incomplete. ORS 16.630 provides that

> "[n]o variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. * * *"

Defendant does not claim that he or any other defendant was misled or prejudiced in any way by this omission. The variance is immaterial and was properly disregarded by the trial court.

■ Defendant also argues that a municipal corporation is prevented from acquiring a property interest by prescription or adverse possession by Oregon Constitution, Art I, § 18, which prohibits the taking of private property for public use without just compensation. We are not here dealing with the question whether a right of eminent domain may be exercised but with whether a state or municipal corporation may acquire property by adverse possession. The federal government is subject to a similar eminent domain provision in Amendment V to the Constitution of the United States, but in *Stanley v. Schwalby,* 147 US 508, 13 S Ct 418, 37 L Ed 259 (1893), the United States Supreme Court held that the federal government could acquire property by adverse possession in the same manner as a private individual.

In *Stephenson v. Van Blokland,* 60 Or 247, 118 P 1026 (1911), the Oregon Supreme Court said:

> "Even though the statute does not run against the State, adverse possession by the State for the statutory period will give title by prescription. [Citation omitted.]" 60 Or at 255.

The rule that states and municipal corporations may acquire interests in property by adverse possession or prescription is widely recognized. 10 McQuillin, Municipal Corporations 41-42, § 28.15 (3d ed rev 1966); 7 Powell, Real Property 751-52, § 1020 (1974);

5 Thompson, Real Property 586, § 2555 (1957); Annotation, 18 ALR3d 678, 689 (1968).

We find that Oregon Constitution, Art I, § 18, does not prevent the state or a municipality from acquiring property interests by adverse possession or prescription.

■ For the City of Ashland to establish its claimed easement by prescription it must prove "an open and notorious use of defendants' land adverse to the right of defendants for a continuous and uninterrupted period of ten years." *Thompson v. Scott,* 270 Or 542, 528 P2d 509 (1974). It must establish these elements by clear and convincing evidence. *Thompson v. Scott,* supra, 270 Or at 546.

In 1936 the City of Ashland bought a piece of property on which it built a sewage treatment plant. The parties stipulated that about that time the city had acquired the right by deeded easements to cross the two pieces of property between the plant and the public street about one-quarter mile away. Surveyors' testimony and diagrams established that the right-of-way claimed by the city did not wholly correspond with the deeded easements, although they intersected and overlapped in some places. For example, one of the deeded easements contained an extremely sharp angle, while the easement here claimed by the city made a gradual curve, cutting off that acute angle entirely.

■■ In relation to the issues raised by appellants, 5 Restatement of Property (Servitudes) 2924, § 458, defines adverse use as follows:

"A use of land is adverse to the owner of an interest in land which is or may become possessory when it is

"(a) not made in subordination to him, and

"(b) wrongful, or may be made by him wrongful, as to him, and

"(c) open and notorious."

City officials and employes testified that they be-lieved that their usual route to the sewage treatment plant followed the deeded easements claimed by the city. The city in fact paved this now claimed right-of-way in 1961. The city's belief and actions establish that its use of the route was not subordinate to the property owners whose land they crossed, but adverse thereto. 5 Restatement of Property § 458, comment *d*; *Port of Portland v. Maxwell,* 9 Or App 105, 110, 496 P2d 23 (1972). An intent to claim land occupied under a mistaken belief of ownership is sufficient to prove hostile intent. *Rider v. Pottratz,* 246 Or 454, 456, 425 P2d 766 (1967); *Port of Portland v. Maxwell,* supra, 9 Or App at 110.

■ Although the city believed it had an easement to use the right-of-way it followed, it did not have that right under the deeded easements and its occupation and regular use of the portions wholly or partially outside the deeded easements, was without consent of the property owners, but with their full knowledge, and had been continuous since 1949. The property owners neither protested nor made any effort to require the city to confine its use to the deeded easements until about the time this suit was filed.

*See Arrien v. Levanger,* 263 Or 363, 369, 502 P2d 573 (1972), where it is held that to establish adverse use it is not required that the use be continuous, but merely the normal use a claimant would have made of the property for his purpose if he actually owned the property. Here the city's employes used the claimed right-of-way whenever they needed to work at the sewage treatment plant.

■ The last element that the city must establish is

whether the right-of-way that it used was sufficiently clear and definite so that what it utilized can be identified. There is conflicting testimony. Defendant claims that the city had no definite route or that the route shifted. City employes testified that they followed essentially the same route. The surveyor for the city testified that when, following a 1974 flood in the area, he surveyed the route for reconstruction, he found remains of asphalt from the 1961 paving along all the straight sections of the route, and around the curve, where the route was covered by sand and gravel from that January 1974 flood of Ashland Creek. Air photos taken in 1961, 1962 and 1969 all indicate a clearly defined roadway.

We conclude, as did the trial court, that the City of Ashland did acquire an easement by prescription giving it a right-of-way across the described real property of defendants.

Affirmed.