# WILLIAMS et al,
*Respondents,*

*v.*

# HARRSCH et al,
*Appellants.*

## (No. 80-07-7839, CA A21608)

648 P2d 386

William D. Cramer, Burns, argued the cause for appellant. With him on the briefs was Cramer & Pinkerton, Burns.

Claud A. Ingram, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This is an action in equity to establish two easements across defendants' land. Defendants appeal from a decree declaring that the public and plaintiffs have a right to one of the claimed easements for roadway purposes.

Plaintiffs own the south half and defendants own the north half of Section 11, Township 25 South, Range 33 East, of the Willamette Meridian in Harney County. Plaintiffs claimed two easements running in a north-south direction from the county road, which runs along the north boundary of Section 11, to plaintiffs' property. One ran along the east boundary of the north half of Section 11; the other ran through defendant's property about three-eighths of a mile to the west and parallel with the east boundary. After trial to the court, it was decreed that the public and plaintiffs had acquired an easement by prescription along the east boundary of the north half of Section 11 and that no easement had been created through defendants' property at the westerly position.

The major issue on appeal is whether plaintiffs have met their burden of proving that they and the public are entitled to an easement along the east boundary of defendants' property.[1]

There are three doctrines recognized in Oregon by means of which the public may acquire easements in private land by adverse use, dedication, custom and prescription. *See State ex rel Thornton v. Hay,* 254 Or 584, 462 P2d 671 (1969). The one advanced by plaintiffs at trial is the acquisition of a public easement by prescription.

For the public and plaintiffs to establish an easement by prescription, plaintiffs must prove "an open and notorious use of defendants' land adverse to the rights of defendants for a continuous and uninterrupted period of ten years." *Thompson v. Scott,* 270 Or 542, 546, 528 P2d 509 (1974); *Muzzy v. Wilson,* 259 Or 512, 523, 487 P2d 875 (1971); *City of Ashland v. Hardesty,* 23 Or App 523, 527, 543 P2d 41 (1975). Plaintiffs must establish these elements

---

[1] Plaintiffs do not appeal the denial of their request for a declaration that they are entitled to an easement through defendants' property in the westerly position.

by "clear and positive" evidence. *Muzzy v. Wilson, supra,* 259 Or at 523.

At trial, two neighbors, who owned land adjoining the disputed roadway, testified that the roadway had been "bladed" in 1963 or 1964 and that it had been used continuously, though sporadically, since that time by themselves and other neighbors for purposes of building fences, clearing land, hunting rabbits, picking up railroad ties, dumping garbage and access to well-drilling sites. There was also testimony that tourists and the general public used the roadway for rabbit hunting and searching for arrowheads. Plaintiffs testified that they had used the roadway since 1977 for access to their property.

■   Defendants cite *Muzzy v. Wilson, supra,* and *State Highway Commission v. Bauman,* 16 Or App 275, 517 P2d 1202 (1974), as examples of instances where the evidence was considered "too vague and general" to support an award of a public prescriptive easement. In *Muzzy,* the only evidence of public use was that a doctor's patients entered doors that opened onto the disputed strip and that "defendant and her husband drove over the land many times." 259 Or at 522-23. In *Bauman,* witnesses testified that they used the sand dune area for "recreational activities." 16 Or App at 279. In the present case, the evidence was that the roadway was used by the general public for a variety of specified purposes for about 20 years. Defendants presented no evidence to the contrary, nor did they rebut the evidence that the use was open, notorious and adverse to their interests. As did the trial court, we find that plaintiffs have met their burden of proof and conclude that the public and plaintiffs are entitled to an easement by prescription along the east boundary of defendants' land.[2]

---

[2] Defendants contend that ORS 105.677, which limits the acquiring of rights in private land by the public for recreational purposes, should apply in this case. Because ORS 105.677 was enacted in October, 1973, it does not preclude an easement arising for the benefit of the public before that date. If the roadway was created in 1963, then the ten-year period of prescription has been met, if created in 1964, it has not. As conceded in their brief, defendants did not bring the statute to the attention of plaintiffs or the trial court. Because they did not, neither plaintiffs nor the trial court were aware that it was important to pin down accurately the date that this roadway was created. We, therefore, will not consider that argument, raised for the first time on appeal. *Schulstad v. Hudson Oil Company, Inc.,* 55 Or App 323, 329, 637 P2d 1334 (1981).

■ Defendants next contend that the decree is not enforceable, because it does not specify the uses to which the easement may be put or the width it encompasses. The decree provided that the easement of plaintiffs and the public is for roadway purposes. The complaint alleges the width to be 40 feet, and the evidence supports a finding of that width. From our *de novo* review, we find the width of the easement to be 40 feet, and modify the decree to so provide.

■ Defendants finally contend that plaintiffs are not entitled to costs in the trial court, because it was not plaintiffs, but the public who acquired the easement. The decree clearly gives the public *and plaintiffs* the right to a prescriptive easement over defendants' property. Plaintiffs are the prevailing party and, therefore, are entitled to costs under former ORS 20.040(7) (repealed Or Laws 1981, ch 898, § 53).[3]

Affirmed.

_____

[3] ORS 20.040(7) (repealed Or Laws 1981, ch 898, § 53), provided:

"Costs are allowed, of course, to the plaintiff upon a judgment in favor of the plaintiff in:

"* * * * *

"(7) Any action tried to the court without the intervention of a jury or in which before trial the plaintiff shall have consented in writing to such trial to the court, except such action be for the recovery of personal property, or money, or damages, and then only if the judgment for value and damages or money, or damages be in the sum of $50 or more."