Argued and submitted May 18, affirmed December 19, 1984

# AGNEW,
*Respondent,*

*v.*

# HASKELL,
*Defendant,*
# GREEN et al,
*Appellants.*

## (C83-4-48; CA A29328)

692 P2d 650

Keith Rodman, Eugene, argued the cause and filed the briefs for appellants.

William A. McDaniel, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this declaratory judgment proceeding, defendants Green appeal a judgment declaring that a road crossing their property is a public road by prescription or implied dedication, that plaintiff had acquired a prescriptive easement in the road where it crosses defendants' property and that plaintiff has an irrevocable oral license to use the road for ingress and egress to his property. The only issue on appeal is whether the court erred in denying defendants' request for trial by jury. We affirm.

■     Defendants argue that this is in the nature of an action at law and that they were therefore constitutionally entitled to a jury trial. Whether a declaratory judgment proceeding is treated as in law or in equity depends on the nature of the underlying case and the relief sought. *May v. Chicago Insurance Co.,* 260 Or 285, 490 P2d 150 (1971); ORS 28.090. The manner in which plaintiff pleaded the declaratory judgment petition presented issues of whether there was a public easement by prescription, a private easement by pre-scription and an irrevocable oral license for plaintiff to use the road where it crosses defendants' property. Plaintiff sought neither damages nor ejectment of defendants.

■■     A claim of prescriptive easement, whether for public or private use, is in the nature of an equitable claim. *Thompson v. Scott,* 270 Or 542, 528 P2d 509 (1974); *Williams v. Harrsch,* 58 Or App 301, 648 P2d 386 (1982), *rev'd on other grounds* 297 Or 1, 681 P2d 119 (1984); *City of Ashland v. Hardesty,* 23 Or App 523, 543 P2d 41 (1975), *rev den* (1976); *Port of Portland v. Maxwell,* 9 Or App 105, 496 P2d 23 (1972). The court also found that this road was a public way by implied dedication. That claim is also equitable in nature, because it is based on the principle that, having by their conduct indicated their intention that the road be used for and by the public, they are estopped to deny a dedication. *See Menstell et al. v. Johnson et al.,* 125 Or 150, 125 Or 169, 262 P 853, 266 P 891 (1927); *McCoy v. Thompson,* 84 Or 141, 164 P 589 (1917).

■     Plaintiff pleaded that he had an irrevocable oral license to use the road, because he and his predecessors had made permanent and valuable improvements to it with the knowledge and consent of defendants and their predecessors.

The underlying theory is that, because defendants permitted plaintiff to use the road and make valuable improvements on it, they are equitably estopped to revoke any license to use the road. Such a theory, based on equitable estoppel principles, has historically been tried as in equity without a jury. *See Baum et ux v. Denn et al,* 187 Or 401, 211 P2d 478 (1949); *Heisley et al. v. Eastman et al.,* 102 Or 137, 201 P 872 (1921).

■        Because all of the claims on which plaintiff prevailed are equitable in nature and historically were tried as in equity, defendants are not entitled to a jury trial.

Affirmed.