THE STATE, EX REL. A.A.A. INVESTMENTS, APPELLANT, *v.* CITY OF
COLUMBUS, APPELLEE.

[Cite as State, ex rel. A.A.A. Investments, *v.* Columbus (1985),
17 Ohio St. 3d 151.]

(No. 84-827—Decided May 29, 1985.)

*Hugh E. Kirkwood, Jr.,* for appellant.
*Gregory S. Lashutka,* city attorney, and *Donald T. Plank,* for appellee.

*Per Curiam.* The primary issue to be determined is whether a municipal corporation may acquire title to private property by adverse possession.

Appellant contends that appellee's action constituted a "taking" of private property by a government entity which must be compensated pursuant to Section 19, Article I of the Ohio Constitution.[1] Appellant also sub-

---

[1] Section 19, Article I of the Ohio Constitution provides, in part:
"Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money * * *."

mits that a municipality has no authority to acquire title by adverse possession and is not a "person" as that term is used in R.C. 2305.04.[2]

The prevailing view is that public or governmental entities may acquire title to land by adverse possession. See, *e.g., Roche* v. *Fairfield* (1982), 186 Conn. 490, 442 A. 2d 911; *Nyman* v. *Eugene* (1979), 286 Ore. 47, 593 P. 2d 515; *Drainage Dist. No. 1* v. *Green Valley* (1979), 69 Ill. App. 3d 330, 387 N. E. 2d 422; *State, ex rel. Remy,* v. *Agar* (Okla. 1977), 559 P. 2d 1235; *United States* v. *202.76 Acres of Land* (D.N.D. 1977), 439 F. Supp. 483. Ohio is in accord with this view. *Smith* v. *Krites* (1950), 90 Ohio App. 38, 43 [46 O.O. 360] (public alley); *Wilberforce University* v. *College* (1948), 86 Ohio App. 121 [40 O.O. 521] (state university); *Bd. of Edn.* v. *Nichol* (1942), 70 Ohio App. 467 [25 O.O. 206] (board of education); *Gund Realty Co.* v. *Cleveland* (1927), 26 Ohio App. 590 (municipal corporation). Indeed, this court has long recognized that "* * * roads and streets may be established by prescription * * *." *Railroad* v. *Roseville* (1907), 76 Ohio St. 108, at 117. Paragraph four of the syllabus in *Roseville, supra,* provides: "Title by prescription to a public street can be shown only by adverse user by the public, under a claim of right, and uninterrupted for twenty-one years."

Likewise, the United States Supreme Court has held that the federal government can acquire property by adverse possession and that such an acquisition does not fall within the eminent domain provisions of the Fifth Amendment. *Stanley* v. *Schwalby* (1893), 147 U.S. 508.

We recognize that Ohio's past decisions upholding the government's right to acquire title by adverse possession did not expressly address appellant's constitutional challenge. However, we believe that the operative language of Section 19, Article I of the Ohio Constitution is that compensation shall be paid when property is "taken."

In the case of adverse possession, property is not taken. Rather, once the statutory period enunciated in R.C. 2305.04 has expired, the former titleholder has lost his claim of ownership and the adverse possessor is thereafter maintaining its possession, not taking property. Such a conclusion is consistent with results in other jurisdictions which have addressed this challenge as well as the United States Supreme Court's recent pronouncement in *Texaco, Inc.* v. *Short* (1982), 454 U.S. 516. *Texaco* concerned the issue of whether an interest in mineral rights had lapsed or had been taken without just compensation by the state government in violation of the Fourteenth Amendment. The court stated, *inter alia,* "It is the owner's failure to make any use of the property — and not the action of

---

[2] R.C. 2305.04 provides:

"An action to recover the title to or possession of real property shall be brought within twenty-one years after the cause thereof accrued, but if a person entitled to bring such action, at the time the cause thereof accrues, is within the age of minority, of unsound mind, or imprisoned, such person, after the expiration of twenty-one years from the time the cause of action accrues, may bring such action within ten years after such disability is removed."

the State — that causes the lapse of the property right; there is no 'taking' that requires compensation." *Id.* at 530. See, also, *Board of Commrs.* v. *Flickinger* (Colo. 1984), 687 P. 2d 975; *Ashland* v. *Hardesty* (Ore. App. 1975), 543 P. 2d 41; *Dunnick* v. *Stockgrowers Bank of Marmouth* (1974), 191 Neb. 370, 215 N. W. 2d 93; *Kentucky Dept. of Parks* v. *Stephens* (Ky. 1966), 407 S.W. 2d 711.

Appellant also contends that neither party had actual knowledge of the encroachment until 1981, which precludes the city's acquisition by adverse possession. Actual knowledge is not a necessary element of adverse possession. Since the streets involved were in open, visible, and notorious possession by the city, constructive knowledge is charged to the titleholder. *Smith* v. *Krites, supra.* See, also, *Smith* v. *State* (1898), 59 Ohio St. 278; *Fulton* v. *Rapp* (App. 1950), 59 Ohio Law Abs. 105, 106 [45 O.O. 494]; *Fitzgerald* v. *Brenaman* (C.P. 1915), 25 Ohio Dec. 533, 538, 17 Ohio N.P. (N.S.) 515, 520.

Finally, we find unpersuasive appellant's argument that the word "person" in R.C. 2305.04 does not include governmental entities. In *Stanley* v. *Schwalby, supra,* at 517, the United States Supreme Court noted the government is a "person" as that term is used in a state's lapse-of-time statute for purposes of asserting the statute as a bar to recovery by a titleholder who had lost his rights to property. We also note that R.C. 2305.04 establishes the twenty-one-year time frame in which a person is entitled to *bring* an action to recover title or possession from an adverse user. In this case, appellant is the person bringing the action, not the city. The controlling statute on the issue of who may raise the passage of time as a defense is actually R.C. 2305.03 which provides that a "party" may interpose lapse of time as a bar to recovery.[3] Appellee, city of Columbus, is undoubtedly a "party" to the instant litigation, as that term is used in Ohio, and may properly raise lapse of time as a bar to civil actions. Cf. *Quinn* v. *State, ex rel. Leroy* (1928), 118 Ohio St. 48, 53.

Accordingly, we hold that a municipal corporation can acquire title to private property by adverse possession. Likewise, we believe the lower courts properly held that appellee was entitled to summary judgment, as the city demonstrated open and exclusive possession and use for over twenty-one years which was hostile, notorious and adverse to the titleholder. Appellee therefore did acquire title by adverse possession as the appellant did not commence an action to recover title or possession of the property within twenty-one years after the cause accrued. R.C. 2305.04.

---

[3] R.C. 2305.03 provides:

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in sections 2305.03 to 2305.22, inclusive, of the Revised Code. When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto."

154

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., O'NEILL, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for SWEENEY, J.