OPINION
Defendant-appellant, David Earley, et al. (appellant), appeals a decision rendered by the Monroe County Common Pleas Court granting judgment in favor of plaintiff-appellee, William F. Mansfield, et al. (appellee), whereby the trial court declared appellant's deed to disputed property void and found appellee's deed operative in determining ownership of the land.
Appellee was planning to sell his land located in Monroe County, and hired a surveyor, Roger Claus (Claus), to survey the land that he wished to sell. Once Claus began to conduct his survey, appellant contacted Claus and informed him that a small part of the land that was being surveyed, approximately six out of three hundred and forty eight acres, belonged to appellant. Thereafter, appellant filed a "deed of correction" to add the disputed land to his land holdings.
On December 3, 1996, appellee filed a complaint against appellant seeking a court order canceling appellant's deed of correction, an order quieting title, an injunction, costs, and other relief. In the first trial, on February 10, 1997, the trial court entered a default judgment against appellant for his failure to timely appear at trial. Thereafter, appellant moved for relief from judgment pursuant to Civ.R. 60(B)(1). His motion was overruled and appellant sought relief on appeal.
In our February 2, 1999 decision, this court reversed the trial court's decision and remanded the case to the trial court for further proceedings. A trial in the instant matter was held June 5, 2000. On August 7, 2000, the trial court issued its decision and declared appellant's deed of correction void. The trial court found that the disputed land belonged to appellee. The trial court further found that any interest which appellant may have had in the land was extinguished by adverse possession.
Appellant filed a timely notice of appeal August 28, 2000.
Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED IN DETERMINING THAT THE PLAINTIFFS/APPELLEES OWNED PROPERTY IN THE AREA OF THE DISPUTED PROPERTY."
Appellant's second assignment of error states:
 "THE COURT ERRED IN DISREGARDING DEFENDANT/APPELLANT'S UNCONTROVERTED TESTIMONY THAT HE OWNED THE REAL ESTATE."
Appellant's third assignment of error states:
 "THE COURT ERRED IN FINDING ADVERSE POSSESSION FROM THE RECORD IN FAVOR OF THE PLAINTIFFS/APPELLEES."
Because appellant's three assignments of error involve common issues of legal analysis, they will be addressed together.
Appellant essentially argues that the trial court's decision was against the manifest weight of the evidence. Appellant argues that the trial court erred by accepting Claus's opinion[1] that based upon his research of the chain of title and the legal descriptions, the approximate six acres at issue here was owned and controlled by appellee. Appellant argues that Claus's opinions were based on skeptical evidence and therefore could not operate as competent and credible evidence.
Appellant also argues that the trial court erred in finding that even if he could establish some claim to title, any interest that he claimed had been extinguished by adverse possession. Appellant argues that appellee failed to prove all of the requisite elements of adverse possession. Specifically, appellant argues that appellee's possession was not hostile as the parties worked together at one time to farm and clear the land. Therefore, appellant argues that the trial court erred in finding adverse possession.
Our standard of review has been set forth by the Ohio Supreme Court inSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77:
 "`Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' * * * We believe that an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80, quoting C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
"In addition, the trial court is entitled to make its own determination as to the weight of the evidence and, more important, credibility of the witnesses because it is in the best position to observe the witnesses' gestures and voice inflections." Rogers v. Hill (1998),124 Ohio App.3d 468, 470.
After thoroughly reviewing the record, it appears that the trial court's judgment was not against the manifest weight of the evidence as there is competent and credible evidence supporting its determination that appellee was the owner of the six acres in question. As noted by the trial court, a review of the deeds submitted to the trial court illustrated that appellee established an unbroken chain of title from 1859 until present. In 1859, at Vol. 18, Page 68, Mason conveyed to Poole; at Vol. 95, Page 98, Poole conveyed to Amos; at Vol. 118, Page 132, Amos conveyed to Amos; at Vol. 141, Page 394, Amos conveyed to Mansfield; at Vol. 191, Page 541, Mansfield conveyed to Mansfield; at Vol. 198, Page 119, Mansfield conveyed to Mansfield; and at Vol. 26, Page 491, Mansfield conveyed to Cisler.
After reviewing these documents in the chain of title, the legal descriptions, and aerial photographs, Claus provided his professional opinion that appellee was the owner of the disputed land. (Tr. 21-37.) In concluding that appellee owned the disputed land, Claus looked first to appellee's deed, which states that he owns some property in the southwest corner of section 17. Claus then looked to appellant's original deed that excepts three acres in the southwest corner of section 17 west of the road. Claus testified that these legal descriptions led him to conclude that the roughly six acres at issue here were owned by appellee, not appellant.
Claus's conclusion was based upon the evidence and his extensive experience as a professional land surveyor. Although appellant cross-examined Claus, he failed to present sufficient evidence rebutting Claus's expert opinion. The trial court was in the best position to evaluate the weight of the evidence and the credibility of the witnesses. Since Claus provided competent and credible evidence showing that appellee, not appellant, was the owner of the property at issue, the trial court's determination was not against the manifest weight of the evidence.
Even if the trial court erred in determining that appellee was the outright owner of the disputed land, a thorough review of the record also appears to show that appellee and his predecessors in interest would have acquired title to the roughly six acres by adverse possession.
"To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Grace v.Koch (1998), 81 Ohio St.3d 577, syllabus. Failure to prove any of the elements results in failure to acquire title by adverse possession. Id. In order to establish the necessary twenty-one year period, a party may add to his own term of adverse use any period of adverse use by prior succeeding owners in privity with one another. Lyman v. Ferrari (1979),66 Ohio App.2d 72, 76, citing Zipf v. Dalgarn (1926), 114 Ohio St. 291.
Appellee testified that his father-in-law Lou Amos began to use the disputed property as a pasture field to raise cattle in 1950. (Tr. 130.) After the death of Lou Amos in 1962, appellee and his wife took title to the property where appellee continued to raise cattle on the disputed land until 1981. (Tr. 125.) Appellee also testified that he erected a fence along the disputed area. Appellee stated from as far back as he could remember and up until recently, only he and Lou Amos used the disputed property. (Tr. 131.)
The foregoing testimony shows that appellee satisfied all of the elements of adverse possession. First, appellee's testimony shows that he and his predecessor in interest, Lou Amos, had exclusive possession, open and notorious adverse use for a period of twenty-one years. At the very least, Amos and appellee began openly possessing the disputed area no later than 1950.[2] They openly raised cattle in the disputed area from 1950 up until approximately 1981. In addition to raising cattle on the land, appellee also fenced the land in to prevent the cattle from wandering onto the road. Such actions when viewed in their totality show that appellee established a successful claim of adverse possession. Appellee acted exclusively and openly and notoriously occupied the roughly six acres for a continuous period of over twenty-one years.
For the aforementioned reasons, appellant's three assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
 ____________ DONOFRIO, J.
Vukovich, J., concurs
Waite, J., concurs
[1] Claus is a registered land surveyor in the State of Ohio with over thirty years of surveying experience. (Tr. 7.)
[2] If appellee and Lou Amos believed they owned the property, and they in fact did not, appellee still demonstrated a claim of adverse possession. As noted by the Third District Court of Appeals in Swinson v.Mengerink (Dec. 3, 1998), Van Wert App. No. 15-98-10, unreported, 1998 WL 833706:
 "The doctrine of adverse possession applies to persons who honestly enter and hold land in the belief that it is their own, as well as to persons who knowingly appropriate land of another for the purpose of acquiring title[.] Vanasdal v. Brinke
(1985), 27 Ohio App.3d 298, 299, 500 N.E.2d 876, citing Yetzer v. Thomas (1866), 17 Ohio St. 130, 133. Moreover, it is not necessary that the title owner have actual knowledge of adverse use since the owner is charged with such knowledge when one enters into open and notorious possession of the land under a claim of right. Id., citing Smith v. Krite (1950), 90 Ohio App. 38, 43, 102 N.E.2d 903." Id. at *2.