## SHUSTER v DAVIS

Ohio Appeals, 4th Dist, Adams Co

Decided April 29, 1929

Blair & Ball, Portsmouth, for Shuster.
W P Tucker, West Union, for Davis.

**MAUCK, J.**

As above noted, the particular property in dispute is incapable of cultivation and incapabale of enclosure by boundary fences. The defendant claims that her cattle have for years crossed the creek and occupied the strip lying beyond the

stream and says that she and her predecessors in title have sold gravel off the strip. Plaintiff shows that he has planted willows along the stream and upon the disputed tract and never understood that any claim was asserted thereto by the defendant until within the last two or three years. In order for the defendant to make her case, standing as she does without any color of title, she must show open, notorious, exclusive, continuous and adverse possession. The showing made by her is not one of exclusive possession nor was it adverse to the plaintiff. The possession by her cattle was by no means continuous nor were all of the acts of occupancy shown by her to have been continuous. The defendant has accordingly not made her case. Where one who has no semblance of title undertakes to possess himself of the property of another without consideration he must show such possession as indicates an exclusive ownership of the property which he would thus acquire. His interest must appear to be hostile to the interests of the one whom he thus seeks to divest of owenrship. As an eminent authority has said: he

"must unfurl his flag on the land, and keep it flying, so that the owner may see, if he will, that an enemy has invaded his domains, and planted the standard of conquest".
**1 Ruling Case Law, 693.**

Plaintiff is awarded a decree as prayed for.