JONES, APPELLEE, *v.* VANDERVORT, APPELLANT.

(No. 230—Decided December 26, 1962.)

*Messrs. Reese & Willard,* for appellant.
*Messrs. Cherrington & Cherrington,* for appellee.

COLLIER, J. This appeal on questions of law is directed to the judgment of the Common Pleas Court of Gallia County rendered in favor of the plaintiff-appellee, Paul Jones. The parties will be referred to herein in the same relation as they appeared in the trial court. The action was begun by the plaintiff seeking to quiet title to certain described real estate consisting of 1.9 acres of land located in Section 11, Perry Township, Gallia County, Ohio.

The defendant, in his answer, denied the allegations of plaintiff's petition and in his cross-petition claimed title to the land both by deed and by prescription.

After a lengthy hearing, judgment was rendered in favor of the plaintiff, on his petition, quieting his title to the real estate therein described, and defendant's cross-petition was dismissed. From that judgment the defendant has appealed on questions of law to this court.

The defendant sets forth eight assignments of error but in his brief the single question discussed is the weight and sufficiency of the evidence. The defendant takes the position that the plaintiff failed to establish title to the real estate involved by adverse possession.

The land in dispute lies on the east side of Raccoon Creek near an old mill site and is referred to in the record as the "Cora Picnic Grounds." The plaintiff does not claim to have record title to the land but bases his right to ownership upon adverse possession.

The evidence adduced by the plaintiff tends to show that on February 27, 1930, A. B. Cyphers, who then owned the tract in dispute and other adjoining land, executed a deed to Maggie Jones, mother of plaintiff, intending thereby to convey title thereto to plaintiff's mother but, by mutual mistake, the tract now in dispute. was not included in the deed; that acting upon the assumption that this tract was included in the deed, plaintiff's mother immediately took possession of what is now the disputed area, together with the land adjoining on the east thereof which was included in the deed; that from that date to June 3, 1941, when plaintiff's mother, by deed, conveyed to the plaintiff all the land conveyed to her in the deed from A. B. Cyphers, plaintiff's mother was in complete control and possession of the disputed tract; that from June 3, 1941, the plaintiff has been in full possession thereof; that the area has been used as a camping site, a bathing beach, picnic grounds, etc.; that what is referred to as a gate house was used by plaintiff where an admission fee was collected from people entering the area; that rest rooms were maintained thereon; that the course of a small creek running through the land was changed; that the plaintiff conveyed a right-of-way through the land to The Buckeye Rural Electric Company; that the land was cleared and a cabin or frame building kept in repair on the land; and that plaintiff's title or right to possession was never questioned by A. B. Cyphers or any other person until the present controversy.

On May 10, 1941, the defendant acquired title to land on the west side of Raccoon Creek, opposite the disputed area, including the old mill site, by deed from M. J. Waugh. On November 2, 1956, A. B. Cyphers executed a quitclaim deed to the defendant for the land in dispute, and defendant also claims title by adverse possession.

The defendant's evidence tends to show that he had given several persons permission to camp and swim on the east side of Raccoon Creek and that the plaintiff had not objected; and that for many years the public generally used the area as a public park without paying the plaintiffs any admission fee.

The real issue, as we view the evidence, is whether plaintiff's alleged title to the land by adverse possession is superior to defendant's title based upon the quitclaim deed dated No-

vember 2, 1956, from A. B. Cyphers, who unquestionably held the record title during this entire period. The record contains no evidence to sustain defendant's claim to title by adverse possession. The elements and requisites to obtain title to real estate by prescription are so well established in Ohio that the citation of authorities is not necessary. To establish such claim, the plaintiff must show open, notorious, exclusive, continuous and adverse possession of the land for a period of twenty-one years. Two very important facts in this case are that from February 27, 1930, A. B. Cyphers, grantor in the deed to Maggie Jones, plaintiff's mother, asserted no claim whatsoever to the disputed area, and that Maggie Jones, the grantee in said deed, immediately took possession of the land.

The plaintiff's testimony is that he did not know the disputed area was not included in his deed until he learned of the transfer and recording of the quitclaim deed from A. B. Cyphers to the defendant on March 26, 1957. The plaintiff and his mother entered upon the land and retained possession thereof under a claim of right, viz., the deed from A. B. Cyphers to Maggie Jones, dated February 27, 1930. While color of title may not be extended to any land that is not described in the deed, this fact distinguishes the plaintiff and his predecessor in title from mere intruders, trespassers or squatters. The evidence clearly shows continuous, exclusive and adverse possession of the subject land by plaintiff and his mother since February 27, 1930; that they have continuously and openly exercised full control of the land from that date until this action was begun. In other words, the whole spectrum of activities of the plaintiff and his mother throughout the period from February 27, 1930, to September 21, 1957, clearly attests all the essential elements necessary to acquire title by adverse possession. To paraphrase the language used by Judge Mauck in the case of *Shuster* v. *Davis*, 7 Ohio Law Abs., 342, the plaintiff and his predecessor in title, by their conduct could not have asserted their rights more strongly had they unfurled their flag on the land and kept it flying as notice for all to see that they had invaded the domains and planted the standard of conquest. Title to the land having been vested in the plaintiff by adverse possession before the execution of the quitclaim deed from the original owner, A. B. Cyphers, to the defendant on November

2, 1956, the defendant acquired no right, title or interest in said real estate by that instrument.

The judgment of the trial court is correct and is affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., and BROWN, J., concur.