LYMAN ET AL., APPELLANTS, *v.* FERRARI ET AL., APPELLEES.

(No. C-780541 — Decided November 14, 1979.)

*Messrs. Marks, Weiner & Marks* and *Mr. Edward G. Marks,* for appellants.

*Mr. Louis F. Strigari,* for appellees.

*Per Curiam.* The appellants, Howard and Patricia Lyman, brought an action in the Court of Common Pleas of Hamilton County against the appellees, Fausto and Maddelena Ferrari,[1] in which they sought, *inter alia,* to quiet title to a strip of land running parallel to residential property which they owned in suburban Cincinnati. The action came on for trial, a jury having been waived, on June 21, 1978, during which the parties by agreement litigated only the issue of adverse possession. Following the trial, the judge presiding found that the appellants had failed to meet their burden of proof on that issue, and he accordingly entered judgment in favor of the appellees. This appeal, in which the appellants raise eight assignments of error, derives from the judgment entered by the Court of Common Pleas of Hamilton County.

The facts adduced at trial disclose that the parties before us own adjoining residential tracts of land in the Cincinnati suburb of Clifton; the appellants, Howard and Patricia Lyman, purchased the property at 3422 Whitfield Avenue in 1966, and

---

[1] The original complaint also named as defendants Sears, Roebuck and Company and one Don Baker, apparently an employee of Sears, but these defendants did not participate in the action now before us.

the appellees, Fausto and Maddelena Ferrari, acquired the property at 3418 Whitfield Avenue in 1968. Their dispute centers on a strip of land approximately three feet in width, which is bounded in relevant part by the Lymans' driveway and the north facade of the Ferraris' house. A survey to which the parties stipulated at trial indicates that the Ferraris are the owners of record of the land in question, but the Lymans nevertheless maintain that they became the lawful owners of the disputed area under the doctrine of adverse possession.

Hostility between the Lymans and the Ferraris over the use of the land erupted openly in 1972 when each family claimed the strip for its exclusive use and demanded that the other family refrain from any interfering use. Unable to settle the dispute amicably, the Ferraris ultimately retained the services of a surveyor, ascertained that their record ownership extended to the strip in question, and erected a chain link fence which directly abutted the Lymans' driveway. After the Ferraris refused to accede to the Lymans' request that they remove the fence, the Lymans filed the action now before us.

The appellants, seeking reversal of the judgment entered below, have given us eight assignments of error for review. With respect to assignments one through six, we hold either that they are unsupported by the record or that they manifest no prejudice to the appellants' rights. We find the seventh assignment of error, however, to be well taken, and on that basis we reverse the decision of the court below.

### A.

The first assignment of error alleges that the trial judge improperly refused to grant a motion for summary judgment made by the appellants prior to trial pursuant to Civ. R. 56. Our review of the materials submitted in support of that motion, however, reveals the existence, at that stage of the proceedings, of genuine issues of material fact relating to the target issue of adverse possession, and therefore we hold that the judge presiding properly denied the motion.

The appellants' second assignment of error reads, in part, as follows:

"The court erred in excluding from evidence testimony concerning declarations against interest of the former owners of the property at 3418 Whitfield [the property owned by the Ferraris]* * *."

This error is manifested, by the appellants' logic, in the trial judge's refusal to permit two witnesses, appellant Patricia Lyman and one Helen Hill,[2] to testify as to statements made by one Bertha Sternberg, a former owner of the Ferrari property. The state of the record before us, however, prevents us from concluding that the appellants were prejudiced by these alleged errors.

With respect to the "proffered testimony" of Patricia Lyman, since she was never called as a witness and because the "proffer" was so imprecise, we can conclude only that the substance of her testimony, had she been called, was merely speculative. With respect to the testimony of Helen Hill, there is no evidence in the record which gives us any indication about what her testimony would have been concerning any alleged declarations against interest. For these reasons, we conclude that the appellants' second assignment of error is without merit.

In their third assignment of error, the appellants assert that the trial court erred in excluding testimony that the appellees had permitted unhindered use of the disputed area by the appellants. At trial, the judge presiding, over the appellants' objections, refused to admit testimony concerning the Ferraris' objections to the Lyman children playing in their front and back yards, but not along the strip in dispute at the side of the Ferraris' house. Although this testimony may have possessed some probative value inferentially on the issue of adverse use, we hold that its exclusion did not rise to the level of prejudicial error and, accordingly, we overrule the appellants' third assignment of error.

The appellants assign, as the fourth error occurring at trial, the presiding judge's alleged predisposition on the merits of the case before having heard all of the evidence. In support of their argument, they refer us to an exchange which occurred between the judge and appellant Howard Lyman, who was then testifying in his own behalf. Referring to the property in dispute, the judge admonished Mr. Lyman by stating, "If you thought they were fencing in property that you thought was yours, you should have had a survey taken immediately.* * *"

Admittedly, such a statement would have more ap-

---

[2] The witness, Helen Hill, and her husband, Edward, purchased the property at 3422 Whitfield Avenue in 1961 and sold it to the Lymans in 1966.

propriately been left unsaid, but in the absence of a more definitive expression of prejudice, we cannot say that it reflected a prejudgment of the merits by the trial judge. For this reason, we find that the fourth assignment of error is not well taken.

In their fifth assignment of error, the appellants urge us to hold that the trial judge improperly permitted counsel for the appellees to inquire, on cross-examination of appellant Howard Lyman, into matters which were not relevant to the issue being litigated at trial. During cross-examination, Mr. Lyman was asked, in substance, if it was his testimony that no problems existed between his family and the Ferraris between 1968 and 1972. The appellants suggest that the use of the general term, "problem," implicated areas of dispute completely unrelated to the strip of land in question.

We acknowledge that a literal adherence to the standards of relevancy would have required that the judge presiding limit the question specifically to the dispute over the property in issue at trial, but we hold that his failure to do so did not amount to prejudicial error.

In their sixth assignment of error, the appellants question the trial court's refusal to consider evidence relating to the creation of an easement by necessity or an easement by prescription. Our review of the record, however, indicates that such refusal clearly did not constitute error in light of the following statement made immediately prior to trial, in open court, by the appellants' own counsel:

"We are here today, trying the issue of adverse possession, only. We are not trying the other issues as by agreement of counsel, and the Court's concurrence at our last session."[3]

## B.

The appellants' seventh assignment of error, which we find to be dispositive of our decision to reverse the judgment of the court below, alleges that the trial judge erred by holding that adverse possession could be established only through the testimony of the appellants or their predecessors in interest as owners of the property at 3422 Whitfield.

---

[3] The pleadings are arguably couched in terms sufficient to encompass the issues of easement by necessity and easement by prescription, but the appellants were undeniably precluded from litigating those issues at trial by the terms of the agreement set forth on the record.

The doctrine of adverse possession, as recognized in Ohio, provides that a person who lacks legal title to real property may establish a right of ownership to that property if he can prove possession which is open, continuous, exclusive, adverse, and notorious to that of the record owner for a period of twenty-one years. See *Smith* v. *Ralph* (Hamilton Co. Ct. of Appeals No. C-77529, November 15, 1978), unreported; *Jones* v. *Vandervort* (1962), 117 Ohio App. 513. See, also, 2 Ohio Jurisprudence 3d 496, 498, Adverse Possession, Section 9. In order to establish the necessary twenty-one year period, a party may add to his own term of adverse use any period of adverse use by prior succeeding owners in privity with one another. *Zipf* v. *Dalgarn* (1926), 114 Ohio St. 291. See, also, 2 Ohio Jurisprudence 3d 525, Adverse Possession, Section 26. The chain of adverse use by prior succeeding owners ending with the person claiming title by adverse possession, known conceptually as "tacking," may not be broken, however.

In the case *sub judice,* the appellants, who had not been in possession of the property at 3422 Whitfield Avenue for the time period required to establish adverse possession, attempted at trial to invoke the tacking device described, *supra,* by presenting evidence that they and their predecessors in interest had for an uninterrupted period in excess of twenty-one years used the land in question adversely to the record owners.[4] Toward that end, they called one Milka Kiradjieff as a witness to testify in their behalf. Ms. Kiradjieff had either lived in or owned the property later purchased by the Ferraris from 1927 to 1965. According to her testimony, which was presented by affidavit and deposition, she considered those persons in possession of the property later purchased by the Lymans to be the owners of the disputed strip of land during that period of time.[5]

In the opinion that accompanied the judgment entry in

---

[4] The trial transcript indicates that the parties entered into an agreement stipulating the authenticity of certain records from the Office of the Auditor, Hamilton County, Ohio. Those records, although not made a part of the record on appeal, apparently established an unbroken chain of title to the property at 3422 Whitfield Avenue from 1950 to the time of trial.

[5] The witness further testified that, from 1927 to 1965, those individuals occupying the property at 3422 Whitfield Avenue cultivated and maintained the strip of land immediately adjacent to the north wall of the house at 3418 Whitfield Avenue.

favor of the appellees, the judge presiding at trial stated, in part, as follows:

"Adverse possession by different persons may be tacked on in order to make up the necessary twenty-one year period, provided that there is privity or contractual connection between them, and there is no interval between the successive possessions in which the use was not adverse. Plaintiffs have failed to *prove* possession in excess of the prescriptive period *by adverse users in privity with them.*" (Emphasis added.)

As we read the latter statement by the trial judge, it refers specifically to the testimony of Ms. Kiradjieff and articulates a rule of law that would hold her testimony, coming as it did from one who neither owned nor was in possession of property in privity with those claiming adverse possession, incompetent. Such a rule, which in substance would permit only the testimony of predecessors in interest of those persons attempting to establish ownership by adverse possession for the purpose of proving adverse use over the required time period, would rigidly and unnecessarily restrict the proof of adverse possession on the merits at trial. As a practical matter, one seeking to prove ownership by adverse possession will not have been in possession for the required twenty-one year period and will thus be thwarted when, forced to resort to the device of tacking, he is unable to locate the necessary predecessors in interest, who in many cases will have died by the time a lawsuit arises.

The better rule, and as we see it the correct statement of the law in Ohio, is that anyone possessing personal knowledge of the ownership or use of real property is competent to testify on the issue of adverse use of that property, regardless of whether they are in privity with the party claiming adverse possession, under foundational principles of competency and relevancy.

In the instant case, Ms. Kiradjieff, as the owner or person in possession of the property later purchased by the Ferraris, held the requisite firsthand knowledge of the use of the strip of land in question and, therefore, the trial judge should have, at a minimum, considered her testimony with respect to the issue of adverse use, while exercising his prerogative as the trier of fact to accord the testimony whatever weight he chose.

For this reason, we hold that the trial judge erred as a

matter of law when he ruled Ms. Kiradjieff's testimony to be incompetent on the issue of adverse use, and that such error was prejudicial to the appellants because her testimony, had it been considered by the trial judge in conjunction with the testimony of two prior owners of the Lyman property, may have arguably established uninterrupted adverse use by successive owners for the required twenty-one year period. We accordingly find the appellants' seventh assignment of error to be well taken.[6]

The judgment of the Court of Common Pleas of Hamilton County is hereby reversed, and this cause is remanded for retrial in accordance with the terms of this decision.

*Judgment reversed*
*and cause remanded.*

SHANNON, P. J., PALMER and CASTLE, JJ., concur.

---

[6] The appellants' eighth assignment of error, that "the court erred in finding insuffient evidence of open and notorious adverse use," is rendered moot by our disposition of the seventh assignment.