GALBRAITH et al., Appellee,

v.

J.J. DETWEILER ENTERPRISES, INC., Appellant.

[Cite as *Galbraith v. J.J. Detweiler Ents., Inc.*, 164 Ohio App.3d 332, 2005-Ohio-6300.]

Court of Appeals of Ohio,
Fifth District, Guernsey County.

No. 2004CA16.

Decided Nov. 18, 2005.

E.K. Wright and Robert A. Skelton, for appellee.

Scott M. Zurakowski, for appellant.

Gwin, Presiding Judge.

{¶ 1} Defendant, J.J. Detweiler Enterprises, Inc., appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, entered in favor of plaintiffs-appellees Wilbur L. and Sylvia S. Galbraith in appellees' action to quiet title to a strip of property 12 feet wide, widening to 13.72 feet wide in Wheeling Township, Guernsey County. Appellant assigns three errors to the trial court:

{¶ 2} "I. The trial court erred as a matter of law and conducted its proceedings with irregularities when it permitted the trial to proceed when all parties were not served and present, and the plaintiff/appellee never properly identified the property at issue in the adverse possession claim as required by Ohio Revised Code 5303.03.

{¶ 3} "II. The trial court's decision was not sustained by the weight of the evidence.

{¶ 4} "III. The trial court erred as a matter of law as equitable estoppel principles are applicable to claims involving adverse possession."

{¶ 5} In 2000, appellant purchased a plot of land containing approximately 46 acres. Appellant paid $60,000 for the 46-acre plot.

{¶ 6} The 46 acres lie west of Bethel Road, but have no frontage on the road. The 46 acres included a strip of land varying from 12 feet to 13.72 feet from the 46 acres to Bethel Road. This strip was not a road, nor was it an easement, but rather, appellant owned it in fee simple in conjunction with the acreage. Appellant also owned another parcel adjacent to the property in question.

{¶ 7} At some point, appellant sold the other parcel without reserving a right-of-way across it for the 46 acre lot.

{¶ 8} At trial, appellant's employee, Greg Smith, testified that he visually and physically inspected the property before appellant purchased it. Smith verified that there was a 20-foot piece of land from the property to Bethel Road. To access the property, Smith entered through an unlocked gate and did not observe any no-trespassing signs anywhere on the property. Smith testified that he and

various other employees or agents of appellants visited the property a dozen or so times, and appellee never challenged them to ask them to leave the property.

{¶ 9} Smith found a livestock fence at the point where the 12–foot strip connects to the 46–acre parcel. Appellee Wilbur Galbraith testified that he did not erect this fence. Appellee testified that the purpose of the fence was to keep his livestock in, not to prevent people from trespassing on the land. He testified that he mainly used the property for pasture. Appellee purchased his property in 1966 and knew that there was a strip of property running down the middle of it belonging to the other parcel of land.

{¶ 10} Appellee testified that there was a gate, but it was kept locked, and no one had been on the property except hunters. Appellee presented the testimony of others who had observed the property and corroborated his statements.

{¶ 11} The trial court found that appellant could have reserved a right-of-way on the adjacent land it had sold. The court found that appellant's acts had voluntarily placed it in the situation of owning a landlocked parcel, and the court concluded that the principles of equitable estoppel do not apply.

{¶ 12} The survey commissioned by appellant showed that the strip of land was not located where appellees believed, but rather, slightly south. The trial court found that Wilbur had built an animal shelter and a cement pad on the land he thought was the 12–foot strip. Wilbur conceded that the structures were not on the property that the survey had identified as appellant's land. Wilbur also conceded that although he made many improvements to his own property, he made nothing to this particular 12–foot strip of property.

{¶ 13} The trial court found that there was no visible trace of a road running from Bethel Road to the west. The court found that appellees had erected a building and a cement pad on the strip of land they claim was historically viewed as the property in question, but appellant's survey indicates that the strip is in fact in a slightly different place, where appellees have made no improvements to the property. The original deed described the strip of land as running 12 feet wide to the nearest and most practicable route to the public road, containing one-half acre. The court found that no survey description containing the metes and bounds had existed until appellant had the property surveyed.

{¶ 14} The court found that the 12–foot–wide strip had not been used for many years but was generally defined by fence posts on either side. The trial court's conclusion of law No. 7 accepts appellant's survey as accurate and finds that appellee's fence extended all along Bethel Road on the east side. The court concluded that regardless of the exact location of the strip in question, appellee's fence enclosed it.

## I

{¶ 15} In its first assignment of error, appellant argues that the trial court should not have proceeded to trial when there were numerous defendants named in the amended complaint who were not served with process. In addition to appellant, the complaint named the Guernsey County Treasurer; Francis X. and K. Annette Cruikshank, address unknown; Lynn Boz Mitchell, address unknown; Bruce L. Mitchell, address unknown; and Romano Boz, Executor of the Estate of Mylo Boz, deceased, address unknown. The amended complaint names the Cruikshanks, the Mitchells, and the Estate of Mylo Boz as prior owners who may have an interest in the strip of property at issue in the case. The amended complaint alleges that these prior owners may have intended to convey their entire interest in the 12–foot strip, but the description used in the deeds does not coincide with the historical usage of the 12–foot strip. Appellees assert that for this reason, the prior owners' interest was not conveyed to appellant.

{¶ 16} The record is clear that these prior owners were not served with the amended complaint. Civ.R. 19.1 lists persons whose joinder in an action is compulsory. The defendants in question do not fit under any of the categories. Civ.R. 20 states that persons may be joined in one action as defendants if the complaint is against them jointly, severally, or in the alternative. It is permissible to join persons as defendants if they are involved in a succession or series of transactions or occurrences when a question of law common to all the defendants arises in the action. While the prior owners could fit under Civ.R. 20 for permissive joinder of parties, here, the trial court found that the question of where the strip lay was irrelevant. In this, the trial court erred. However, we find that the court correctly identified the strip of land as the area corresponding to the legal description in the survey. Thus, the prior owners' presence was unnecessary. We find that the trial court did not err in proceeding to trial without the prior owners.

{¶ 17} Appellant also urges that the property at issue was not properly identified. We hold that the location of the strip of property was one of the issues presented to the court and was fully litigated in the action.

{¶ 18} The first assignment of error is overruled.

## II

{¶ 19} In its second assignment of error, appellant challenges the court's decision as against the weight of the evidence.

{¶ 20} In *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, the Ohio Supreme Court held that adverse possession must be proven by clear and

convincing evidence. The court held that to acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of 21 years. Id. The failure of proof as to any of the elements results in failure to acquire title by adverse possession. Id., citing *Pennsylvania RR. Co. v. Donovan* (1924), 111 Ohio St. 341, 145 N.E. 479. Adverse possession is disfavored in law, and the elements of adverse possession are stringent. *Grace* cited 10 *Thompson on Real Property* (Thomas Ed.1994) 108, Section 87.05, as authority for the proposition that there is no equity in favor of a person seeking to acquire property of another by adverse holding.

{¶ 21} There are a surprising number of Ohio cases dealing with adverse possession of pasture land. The cases are generally fact-specific, but tend to find that use of property as pasture may not be sufficient to establish adverse possession. See, e.g., *Sams v. Nolan* (July 1, 1987), Ross App. No. 1326, 1987 WL 13947; *Meyer v. Pockros* (1924), 18 Ohio App. 506; *Shuster v. Davis* (1929), 7 Ohio Law Abs. 342; and *Bierhup v. Leaco, Inc.* (June, 28, 1995), Jackson App. No. 94CA742, 1995 WL 389292. These cases stand for the proposition that claimant's use of the property must be exclusive and adverse to the title owner, and pasturing does not necessarily exclude the title owner from using the property in other ways and for other purposes. In *Sams*, the possession was not sufficiently adverse and exclusive even though the claimant fenced the property to keep goats in the pasture and children out. In *Bierhup*, the court held that repairing a fence on the disputed land, using it as pasture, cultivating it, and removing timber from it was insufficient to establish adverse possession.

{¶ 22} The trial court found that appellees' fence completely enclosed the property, but also found that there was at least one gate in the fence.

{¶ 23} The Supreme Court of Ohio has held that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. When conducting this review, an appellate court may not reweigh the evidence or substitute its judgment for that of the trial court. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Nevertheless, appellees' claim of adverse possession must be proven by clear and convincing evidence, and claims based on adverse possession are to be strictly construed in favor of the title holder. Appellees did not place their improvements on the property that the court identified as the

strip of land. We hold that appellees did not establish that their possession was exclusive or adverse to appellant's ownership.

{¶ 24} The second assignment of error is sustained.

## III

{¶ 25} Appellant urges that the trial court should have applied the principles of equitable estoppel in its favor. Pursuant to the Supreme Court's directive in *Grace*, 81 Ohio St.3d 577, 692 N.E.2d 1009, the equities, if any, should inure to the appellant's favor.

{¶ 26} The third assignment of error is sustained.

{¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment reversed
and cause remanded.

FARMER and WISE, JJ., concur.