[Cite as *Kurtz Bros., Inc. v. Ace Demo, Inc.*, 2014-Ohio-5184.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| KURTZ BROS., INC., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-P-0027** |
| ACE DEMO, INC., a.k.a. ACE DEMO, LLC, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 0589.

Judgment: Affirmed in part, reversed in part, and remanded.

*Charles P. Royer,* McCarthy, Lebit, Crystal & Liffman Co., L.P.A., 101 West Prospect Avenue, Suite 1800, Cleveland, OH 44115 (For Plaintiff-Appellant).

*Scott H. Kahn,* Kahn Kruse Co., L.P.A., The Galleria & Towers at Erieview, 1301 East Ninth Street, Suite 2200, Cleveland, OH 44114-1824 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Kurtz Bros., Inc., appeals the summary judgment of the Portage County Court of Common Pleas in favor of appellee, Patrick J. Lally, on Kurtz' claim against him alleging he was personally liable on an account in the name of appellee, Ace Demo, Inc. At issue is whether Kurtz was required to plead its claim against Lally with particularity and whether the trial court erred in granting summary judgment in favor of Lally. For the reasons that follow, we affirm in part, reverse in part, and remand.

{¶2} Kurtz is in the business of providing landfill services and landscaping materials and supplies. Ace is in the demolition business and Lally is one of its owners and shareholders. Over an extended period of time in 2012, Ace bought services and supplies from Kurtz on an account, but never paid for them.

{¶3} On June 6, 2013, Kurtz filed a three-count complaint against appellees. Count One alleged that Ace bought landscaping services and materials from Kurtz on credit and that Ace owes $33,700 on the account to Kurtz. Count Two alleged that Ace will be unjustly enriched if it is permitted to retain the value of said services and materials without paying for them. Finally, Count Three asserted an "alter-ego" claim against Lally, alleging he should be held personally liable for the amount owed on the foregoing account.

{¶4} On November 1, 2013, appellees filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim or, alternatively, to stay the action. In support of their motion to dismiss, appellees argued Kurtz' claims on the account and for unjust enrichment were barred by res judicata and the double-dismissal rule of Civ.R. 41. Further, appellees argued Kurtz' individual claim against Lally was based on fraud and not pled with particularity, as required by Civ.R. 9. On the same date, November 1, 2013, appellees also filed a motion to stay discovery pending the court's decision on their motion to dismiss. Kurtz filed a brief in opposition to appellees' motion to dismiss or to stay the action, but did not oppose appellees' separate motion to stay discovery.

{¶5} On December 10, 2013, because appellees attached various documents to their motion to dismiss related to the double-dismissal rule, the trial court entered a judgment converting appellees' motion to dismiss to a motion for summary judgment,

2

giving the parties 21 days to file further pleadings and additional evidence, and notifying them that the court would thereafter rule on the summary-judgment motion.

{¶6} On December 31, 2013, appellees filed a "supplemental motion for summary judgment," repeating the same arguments they made in their motion to dismiss. Once again, appellees argued that Kurtz' claims against Ace were barred by res judicata and the double-dismissal rule and that Kurtz' claim against Lally was based on fraud and was not pled with particularity as required by Civ.R. 9(B).

{¶7} In support of their motion for summary judgment on Kurtz' claim against Lally, appellees argued there was no evidence that he controlled appellee Ace or that Lally engaged in fraud. However, while appellees presented copies of pleadings, dockets, and judgments in previous actions in support of their double-dismissal argument, appellees did *not* attach any affidavits or other Civ.R. 56(C) evidentiary materials showing that Kurtz lacked evidence to support its claim against Lally.

{¶8} Kurtz filed a brief in opposition, arguing that res judicata and the double-dismissal rule did not bar the instant suit because Kurtz' prior suit was against a separate corporate entity and did not include a claim against Lally.

{¶9} On April 7, 2014, the trial court entered judgment denying in part appellees' motion for summary judgment against Kurtz on the grounds of res judicata and the double-dismissal rule, and granting in part summary judgment in favor of Lally. In support of its ruling with respect to Lally, the trial court found that Kurtz' claim against him was based on fraud and that the complaint did not allege such claim with particularity. Further, the court found that Kurtz had not presented Civ.R 56(C) materials to support its claim against Lally, and that, as a result, that claim must be

3

dismissed. Further, the court granted appellees' motion to stay discovery as to Ace since Ace is in receivership. Because Kurtz' claims against Ace remained pending and the court did not include the finding under Civ.R. 54(B) that there is no just reason for delay, it is undisputed that the court's April 7, 2014 judgment was not a final order.

{¶10} Four days later, on April 11, 2014, Kurtz filed a motion for reconsideration of the court's summary judgment in favor of Lally. Kurtz argued appellees failed to meet their initial burden to produce evidence showing that Kurtz lacked evidence to support its claim against Lally. Kurtz argued that because appellees never presented any evidence disputing Kurtz' claim against Lally, Kurtz was not required to present any evidence in support of such claim to avoid summary judgment.

{¶11} On May 20, 2014, the trial court entered judgment denying Kurtz' motion for reconsideration. The trial court found that Lally's motion for summary judgment presented Civ.R. 56(C) evidence opposing Kurtz' claim against Lally and that Kurtz failed to produce any evidence to support its claim against him. The court included the finding in its judgment under Civ.R. 54(B) that "there is no just reason for delay."

{¶12} Kurtz appeals the trial court's April 7, 2014 judgment granting Lally summary judgment and the court's May 20, 2014 judgment denying Kurtz' motion for reconsideration, asserting three assignments of error. For its first, it alleges:

{¶13} "The Trial Court erred when it found that Plaintiff-Appellant was required to plead the elements of a fraudulent misrepresentation claim in order to properly allege an alter-ego claim."

**{¶14} The Trial Court's Summary Judgment In Favor Of Lally and the Court's Judgment Denying Kurtz' Motion for Reconsideration Are Both Properly Before Us.**

{¶15} Appellees correctly argue that the court's April 7, 2014 summary judgment in favor of Lally was not a final order because it did not adjudicate all of Kurtz' claims and did not include the finding in Civ.R. 54(B) that there is no just reason for delay. Thus, appellees argue that judgment is not properly before us. We do not agree. Civ.R. 54(B) provides in pertinent part:

> {¶16} In the absence of a determination that there is no just reason for delay, any order or other form of decision * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is *subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.* (Emphasis added.)

{¶17} While the Ohio Rules of Civil Procedure do not specifically provide for a motion for reconsideration, Civ.R. 54(B) thus provides that a court's order can be revised at any time until the court enters final judgment. Further, it is well settled that trial courts have the power to entertain a motion for reconsideration prior to entering final judgment. *Cireddu v. Clough*, 11th Dist. Lake No. 2011-L-121, 2012-Ohio-2242, ¶25; *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535 (4th Dist.1997).

**{¶18}** Because the trial court's April 7, 2014 judgment granting summary judgment in favor of Lally was not a final order, it was subject to revision at any time before the entry of final judgment.

**{¶19}** By including the determination that there is no just reason for delay in the court's May 20, 2014 order denying reconsideration of the court's April 7, 2014 summary judgment in favor of Lally, the court in effect revised its summary judgment by adding the Civ.R. 54(B) language to make that judgment a final order. Appellees concede that the court's May 20, 2014 entry is a final order and is properly before us because the court included the finding required by Civ.R. 54(B) in that entry. Thus, contrary to appellees' argument, both judgments are properly before us.

**{¶20}** Next, in granting Lally's motion for summary judgment due to Kurtz' failure to plead fraud with particularity, the court essentially granted appellees' initial Civ.R. 12(B)(6) motion to dismiss Kurtz' claim against Lally for failure to state a claim.

**{¶21}** In general, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In considering the propriety of the dismissal, "we accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor." *Transky v. Ohio Civil Rights Comm'n.*, 193 Ohio App.3d 354, 2011-Ohio-1865, ¶11 (11th Dist.). If, after considering the complaint accordingly, there is no set of facts consistent with appellants' allegations that would permit recovery, the judgment of dismissal will be affirmed. *Id.* Further, a court of appeals reviews a trial court's

6

judgment dismissing a complaint pursuant to Civ.R. 12(B)(6) de novo. *Goss v. Kmart Corp.*, 11th Dist. Trumbull No. 2006-T-0117, 2007-Ohio-3200, ¶17.

**{¶22} Kurtz' Complaint Properly Asserted a Claim Seeking to Pierce the Corporate Veil Against Lally.**

{¶23} Kurtz' complaint was captioned, "complaint on account and unjust enrichment and alter ego." In Counts One and Two, Kurtz asserted a claim on an account and a claim for unjust enrichment, respectively, against Ace. In Count Three, Kurtz alleged that Lally should be held individually liable to it because Lally used his dominion and control over Ace to commit a fraud or a dishonest and unjust act, as a result of which Kurtz sustained damages.

{¶24} The general rule is that corporations are distinct legal entities, and, thus, shareholders, officers, and directors are not normally liable for the debts of the corporation. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos. Inc.*, 67 Ohio St.3d 274, 287 (1993). However, the Supreme Court in *Belvedere* further held:

{¶25} The corporate form may be disregarded and *individual shareholders held liable for wrongs committed by the corporation* when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Id.* at paragraph three of the syllabus.

{¶26} Subsequently, the Supreme Court in *Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, held that the second prong of the *Belvedere* test was too limited. The Court stated, "[l]imiting piercing to cases of fraud or illegal acts protects the established principle of limited liability, but it insulates shareholders when they abuse the corporate form to commit acts that are as objectionable as fraud or illegality." *Id.* at ¶28. The Court in *Dombroski* held that, because shareholders could seriously misuse the corporate form and evade personal liability under the second prong as presently worded, the Court modified the second prong of the *Belvedere* test to allow for piercing in the event that egregious wrongs are committed by shareholders. *Id.*

{¶27} The Court in *Dombroski* held that, in order to satisfy the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant-shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. *Dombroski* at ¶29. The Court in *Dombroski* stated that the first and third prongs of the *Belvedere* test are not affected by this ruling and must still be met in order to pierce the corporate veil. *Id.*

{¶28} A complaint seeking to pierce the corporate veil, which recites the elements of the *Belvedere-Dombroski* test, is sufficient to carry the plaintiff's pleading burden for purposes of a motion to dismiss. *Fortress Valve Recovery Fund, LLC v. Columbus Components Group*, 2011 U.S. Dist. LEXIS 32663, *15 (N.E. Ohio E.D.2011). *Accord Geier v. National GG Indus.*, 11th Dist. Lake No. 98-L-172, 1999 Ohio App. LEXIS 6263, *9 (Dec. 23, 1999).

{¶29} Contrary to Kurtz' argument, a plaintiff who seeks to satisfy the *Belvedere-Dombroski* test by alleging fraud must meet the heightened pleading requirements

imposed by Rule 9(b). *Southeast Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) ("When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to [Rule 9(b)].").

**{¶30}** However, the *Belvedere-Dombroski* test may be satisfied by alleging fraud or "an illegal act, or a similarly unlawful act." In *RCO International Corp.v. Clevenger*, 180 Ohio App.3d 211, 2008-Ohio-6823 (10th Dist.), the Tenth District stated:

> **{¶31}** Contrary to the trial court's finding, *RCO was not required to plead fraud in order to seek piercing the corporate veil.* While demonstrating (as opposed to pleading) fraud is one way to meet the second prong of the *Belvedere* test, a plaintiff may also meet the same by demonstrating "an illegal act, or a similarly unlawful act." *Dombroski*[, *supra*, at] syllabus. *Id.* at ¶12.

**{¶32}** Thus, a plaintiff is not required to plead fraud in order to pierce the corporate veil. A plaintiff can also satisfy the *Belvedere-Dombroski* test by alleging an illegal act or a similarly unlawful act. Appellees concede that the requirement of Civ.R. 9 that a claim be pled with particularity does *not* apply when the attempt to pierce the corporate veil is based on an illegal act or a similarly unlawful act.

**{¶33}** Here, with respect to the first prong of the *Belvedere-Dombroski* test, Kurtz was required to allege that Lally's control over Ace was so complete, Ace had no separate mind, will, or existence of its own. Pertinent to this prong, Kurtz alleged that Lally's control over Ace was so dominant that the corporation had no separate mind, will or existence of its own separate from Lally.

**{¶34}** With respect to the second prong of the *Belvedere-Dombroski* test, Kurtz was required to allege that Lally exercised control over Ace in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Pertinent to this prong, Kurtz alleged that Lally used his dominion and control over Ace to commit a fraud *or a dishonest and unjust act*. While Kurtz argues that Lally's theft from Ace can be viewed as a species of fraud and thus its attempt to pierce the corporate veil can be supported on such basis, we do not agree. As noted above, where a plaintiff relies on fraud to support an attempt to pierce the corporate veil, fraud must be pled with particularity. Kurtz concedes it did not plead fraud with particularity. Thus, Lally could not pierce the corporate veil based on a claim of fraud.

**{¶35}** However, Kurtz' claim against Lally was not based only on fraud. Rather, Kurtz alternatively alleged that its claim against Lally was based on his conduct that was "dishonest and unjust." Kurtz alleged in its complaint that Lally took or stole funds belonging to Ace and used them to pay his own personal expenses using Ace's corporate checking accounts. In Ohio, offenses involving dishonesty are not limited to crimen falsi, such as perjury or fraud, but also include theft. *State v. Tolliver*, 33 Ohio App.3d 110, 113 (5th Dist.1986); *State v. Johnson*, 10 Ohio App.3d 14, 16 (10th Dist.1983); *State v. Taliaferro*, 2 Ohio App.3d 405, 406 (10th Dist.1981). Because Kurtz specifically alleged facts supporting a criminal offense of theft, an offense involving dishonesty, Kurtz satisfied its duty to allege that Lally committed an illegal act.

**{¶36}** Finally, with respect to the third prong of the *Belvedere-Dombroski* test, Kurtz was required to allege that it sustained injury or unjust loss as a result of Lally's control and wrongful conduct. Pertinent to this prong, Kurtz alleged that Lally used its

dominion and control over Ace to steal its funds, resulting in Ace's inability to pay Kurtz the amount owed on the account.

{¶37} Thus, Kurtz alleged the three elements of the *Belvedere-Dombroski* test and properly pled its claim against Lally seeking to pierce the corporate veil.

{¶38} Contrary to the trial court's finding, Kurtz' claim against Lally was not limited to fraud as Kurtz alternatively alleged that Lally's conduct was dishonest and unjust, which Kurtz was not required to plead with particularity. Based on the allegations of the complaint alone, we cannot say there is no set of facts consistent with Kurtz' allegations that would permit recovery against Lally. *Transky, supra*.

{¶39} We therefore hold the trial court erred in finding that Kurtz' complaint failed to state a claim against Lally.

{¶40} Kurtz' first assignment of error is sustained.

{¶41} For appellees' second assignment of error, they allege:

{¶42} "The Trial Court erred when it found that Plaintiff-Appellant failed to meet its burden of proof in responding to a summary judgment motion when the Defendants-Appellees never met their initial burden of offering evidence required by Ohio Rule of Civil Procedure 56(C)."

{¶43} **Appellees Failed to Meet Their Initial Burden on Summary Judgment**.

{¶44} Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358 (1992). Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to

11

the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268 (1993).

{¶45} The party seeking summary judgment on the ground that the nonmoving party cannot prove his claim bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶46} The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his claim. *Dresher*, *supra*, at 293.

{¶47} If this initial burden is not met, the motion for summary judgment must be denied. *Id.* However, if the moving party has satisfied his initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against him. *Dresher*, *supra.*

{¶48} Since a trial court's decision whether or not to grant summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, ¶41 (11th Dist.).

{¶49} Here, appellees attached copies of dockets, pleadings, and judgments in prior cases to support their motion to dismiss on the grounds of the double-dismissal rule. Appellees did *not* argue in their motion to dismiss that Kurtz lacked evidence to

12

support its claim against Lally. As a result of these attachments, the trial court converted appellees' motion to dismiss to a motion for summary judgment, and gave the parties 21 days in which to present additional evidence and file additional pleadings.

{¶50} Appellees filed a motion for summary judgment, which was virtually identical to their prior motion to dismiss, with one notable exception. They included a one-paragraph argument that there was no evidence Lally ignored the corporate formalities; was in control of Ace; or had committed fraud. However, appellees attached the same exhibits they attached to their motion to dismiss, which addressed their double-dismissal argument. Appellees did not attach to their summary-judgment motion any affidavits or any other Civ.R. 56(C) evidentiary materials that demonstrated Kurtz lacked evidence to support its claim against Lally, as required by *Dresher, supra.* For this reason alone, the trial court was required to deny Lally's motion for summary judgment. *Id.*

{¶51} Appellees do not dispute that they failed to meet their initial burden on summary judgment to produce evidence negating Kurtz' claim against Lally. Instead, they ignore this duty, and argue that because Kurtz did not produce evidence to support its claim against Lally, the court correctly entered summary judgment.

{¶52} We therefore hold the trial court erred in entering summary judgment in favor of Lally on Kurtz' claim against him.

{¶53} Kurtz' second assignment of error is sustained.

{¶54} For its third and final assigned error, Kurtz contends:

13

**{¶55}** "The Trial Court erred when it prevented Plaintiff-Appellant from conducting discovery and then ruled that Plaintiff-Appellant had failed to offer evidence to support its claim."

**{¶56}** **The Trial Court Did Not Prevent Kurtz From Seeking Discovery**.

**{¶57}** "We review discovery matters under an abuse of discretion standard." *Sullivan v. Smith*, 11th Dist. Lake No. 2008-L-107, 2009-Ohio-289, ¶9. An abuse of discretion occurs when the trial court's judgment fails to comport with reason or the record. *Janecek v. Marshall*, 11th Dist. Lake No. 2010-L-059, 2011-Ohio-2994, ¶7.

**{¶58}** In Kurtz' motion for reconsideration, it argued it was prevented from obtaining discovery because the court entered an order staying discovery and appellees never answered its interrogatories and requests for production.

**{¶59}** However, as the trial court correctly noted in its May 20, 2014 judgment denying Kurtz' motion for reconsideration, appellees filed their motion to stay discovery on November 1, 2013, and the trial court did not grant that motion until April 7, 2014 and, further, that stay applied only to Ace, not to Lally. However, even if Kurtz sought discovery from Ace, Kurtz had five months in which to obtain it.

**{¶60}** Moreover, Kurtz never filed a motion to compel discovery under Civ.R. 37 with respect to the interrogatories or requests for production it propounded to appellees. The party seeking discovery must take "affirmative action" by filing a motion to compel discovery. Staff Notes to Civ.R. 37.

**{¶61}** Further, "Civ.R. 56(F) permits a party to seek a continuance of summary judgment proceedings in order to conduct further discovery." *McPherson v. Goodyear*

14

*Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶14. Civ.R. 56(F) provides:

> **{¶62}** Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

**{¶63}** However, Kurtz never filed a motion for continuance under Civ.R. 56(F) to obtain any discovery needed to oppose summary judgment.

**{¶64}** Thus, contrary to Kurtz' argument, the trial court did not prevent it from obtaining discovery. Any failure by Kurtz to obtain discovery was due to its own inaction and failure to file any of the several types of motions available to obtain discovery.

**{¶65}** We therefore hold the trial court did not abuse its discretion in preventing Kurtz from obtaining discovery.

**{¶66}** Kurtz' third assignment of error is overruled.

**{¶67}** For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed in part and reversed in part; and this case is remanded for further proceedings consistent with the opinion.

DIANE V. GRENDELL, J.,
COLLEEN MARY O'TOOLE, J.,
concur.

15