[Cite as *Hedrick v. Szep*, 2021-Ohio-1851.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| RANDALL E. HEDRICK, | **CASE NO. 2020-G-0272** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| JAMES SZEP, et al., | |
| Defendants-Appellees. | Trial Court No. 2019 M 000673 |

## **O P I N I O N**

Decided: June 1, 2021
Judgment: Affirmed

*Casey P. O'Brien*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Plaintiff-Appellant).

*Mark S. Maddox*, Frost & Maddox Co. LPA, 987 South High Street, Columbus, OH 43206 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} The parties to this appeal—appellant Randall E. Hedrick ("Hedrick") and appellees James and Melanie Szep—are neighbors in a subdivision of Munson Township, Geauga County. The litigation stems from a dispute over ownership of a portion of land between their properties. Hedrick appeals the trial court's entry granting summary judgment on his complaint for trespass in favor of James Szep ("Mr. Szep") and dismissing his complaint with prejudice against Melanie Szep ("Mrs. Szep"). We affirm.

{¶2} Hedrick purchased his property in 1991; Mr. Szep purchased the neighboring property in 2000. A chain-link fence separates a portion of the two properties. On the Szeps' side of the fence is a precast drain with a valve, which is used to drain a pond located in the rear of both properties. Hedrick contends that the Szeps unilaterally used the valve to drain the pond sometime in 2010, prompting his concern regarding the exact property line. Hedrick caused three letters to be sent to the Szeps. In 2011, Hedrick personally sent a letter stating the aerial surveys of the Geauga County Auditor indicate the fence "may be encroaching" on his property and offered to share the cost of a professional survey. He received no response. In 2017, Hedrick had the property surveyed, which he then took to the Munson Township Zoning Inspector. The inspector sent a letter to the Szeps demanding the fence be moved or removed prior to April 1, 2018. After the Szeps failed to respond or comply, Hedrick, by and through counsel, sent a demand letter on May 15, 2018. Again, he received no response.

{¶3} In August 2019, Hedrick filed a complaint against the Szeps, alleging civil trespass. Specifically, he alleged the Szeps erected a fence on their property that protrudes onto his property and have failed to remove that portion of the fence despite his demand. Hedrick attached a commissioned plat map, completed by a professional land surveyor on February 1, 2018, which includes the following description of the alleged encroachment: "Adjoiner's (* * * James Szep and Melanie Szep) 4' chain-link fence is 5.4 feet east of the property line on its northerly side and continues to encroach southerly for 53.7 feet as shown." Hedrick requested permanent injunctive relief ordering the Szeps to remove or relocate the portion of the fence that is located on his property.

2

{¶4} The Szeps jointly answered, admitting Mr. Szep is the owner of the neighboring property but denying that Mrs. Szep is an owner. The answer set forth multiple affirmative defenses, including that Hedrick's claims are barred by the doctrine of adverse possession.

{¶5} On August 20, 2020, Mr. Szep moved for summary judgment; Mrs. Szep is not included on this motion. Mr. Szep argues he is entitled to judgment as a matter of law under the doctrine of adverse possession. Hedrick did not file a timely response. On September 23, 2020, the trial court denied the motion. The court concluded summary judgment was not appropriate because, without a formal declaration that adverse possession had occurred—a declaration Mr. Szep had not sought—the boundary lines between the two properties remain as reflected in the county records and deeds.

{¶6} Mr. Szep moved for reconsideration or, alternatively, for leave to file a counterclaim for adverse possession and quiet title. He argued that courts in Ohio have recognized the viability of an adverse possession affirmative defense in the absence of a separate counterclaim for declaratory judgment. Hedrick did not respond to this motion. He did, however, file an untimely response to the motion for summary judgment on October 13, 2020.

{¶7} On October 16, 2020, the trial court granted Mr. Szep's motion for reconsideration, finding persuasive the authorities cited therein. It appears the trial court did not consider Hedrick's untimely response, as the judgment entry notes that Hedrick's response did not address the arguments put forth in the motion for reconsideration and that it was filed well beyond the 30-day response time for the summary judgment motion.

3

The trial court granted summary judgment in favor of Mr. Szep and, given that result, dismissed the complaint against Mrs. Szep with prejudice.

{¶8} From this entry, Hedrick advances three assignments of error. His first two assigned errors assert: "The trial court erred in granting Defendant-Appellee's motion for summary judgment."

{¶9} We initially consider Hedrick's second assigned error, which argues the trial court erred and abused its discretion in granting Mr. Szep's motion for summary judgment on reconsideration because "it had already ruled upon the factual issues set forth therein." Hedrick contends the "subsequent dismissal of [his] case fails to comply with the interests of justice and fair play and is likely barred by the legal doctrines of res judicata and/or collateral estoppel." Hedrick cites to no case law or authority in support of this argument, and it is not well taken.

{¶10} "While the Ohio Rules of Civil Procedure do not specifically provide for a motion for reconsideration, Civ.R. 54(B) thus provides that a court's order can be revised at any time until the court enters final judgment. Further, it is well settled that trial courts have the power to entertain a motion for reconsideration prior to entering final judgment." (Citations omitted.) *Kurtz Bros., Inc. v. Ace Demo, Inc.*, 11th Dist. Portage No. 2014-P-0027, 2014-Ohio-5184, 24 N.E.3d 649, ¶ 17. "Generally, the denial of a motion for summary judgment is not a final appealable order." *Alden v. Kovar*, 11th Dist. Trumbull Nos. 2006-T-0050 & 2006-T-0051, 2006-Ohio-3400, ¶ 5, citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 23, 222 N.E.2d 312 (1966), citing *Priester v. State Foundry Co.*, 172 Ohio St. 28, 173 N.E.2d 136 (1961). Such an order is, therefore, subject to

reconsideration as an interlocutory order. *Pitts v. Ohio Dept. of Transportation*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981) fn. 1.

{¶11} Accordingly, the trial court did not err in reconsidering its denial of summary judgment, and Hedrick has not demonstrated that doing so was an abuse of discretion. Hedrick's second assigned error is without merit.

{¶12} Hedrick's first assigned error contends the trial court erred in granting Mr. Szep's motion for summary judgment "on the basis that (1) the underlying elements of adverse possession had not been affirmatively proven; and (2) that the specific detailed description of the property at issue had not been entered into evidence or otherwise adjudicated."

{¶13} We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶14} Summary judgment is appropriate only when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C). The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. If the movant meets this burden, the burden shifts to the nonmoving party

5

to establish that a genuine issue of material fact exists for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶15} The doctrine of adverse possession is disfavored in the law because it "results in a legal titleholder forfeiting ownership to an adverse holder without compensation." *Grace v. Koch*, 81 Ohio St.3d 577, 580, 692 N.E.2d 1009 (1998). The elements, therefore, are stringently applied. *Id. See also Houck v. Bd. of Park Commrs. of the Huron Cty. Park Dist.*, 116 Ohio St.3d 148, 876 N.E.2d 1210, 2007-Ohio-5586, ¶ 29.

{¶16} "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace* at syllabus. "In order to establish the necessary twenty-one year period, a party may add to his own term of adverse use any period of adverse use by prior succeeding owners in privity with one another. The chain of adverse use by prior succeeding owners ending with the person claiming title by adverse possession, known conceptually as 'tacking,' may not be broken, however." (Internal citation omitted.) *Lyman v. Ferrari*, 66 Ohio App.2d 72, 76, 419 N.E.2d 1112 (1st Dist.1979), citing *Zipf v. Dalgarn*, 114 Ohio St. 291, 151 N.E. 174 (1926).

{¶17} On appeal, Hedrick does not argue that a question of fact remains as to any specific element of the adverse possession doctrine. He argues, rather, that the elements were not affirmatively proven because Mr. Szep did not assert the doctrine in a counterclaim for declaratory judgment. Mr. Szep responds that Ohio law does not require an action for declaratory judgment as a predicate to establish adverse possession. We agree with Mr. Szep.

6

{¶18} "An action to recover the title to or possession of real property shall be brought within twenty-one years after the cause of action accrued * * *." R.C. 2305.04. "Adverse possession may be asserted as an affirmative defense to bar the owner of record title from asserting title by reason of the running of a 21-year statute of limitations." *Wagoner v. Obert*, 180 Ohio App.3d 387, 2008-Ohio-7041, 905 N.E.2d 694, ¶ 68 (5th Dist.). *See also McGuire v. Kashen*, 6th Dist. Lucas No. L-94-294, 1995 WL 547781, *3 (Sept. 15, 1995) (upholding trial court's judgment in favor of defendant who had established the defense of adverse possession against plaintiff's action in ejectment); *Pavlik v. Murrell*, 5th Dist. Muskingum No. 80-23, 1981 WL 6211, *1 (Apr. 3, 1981) (bifurcating for trial the matter of defendant's adverse possession defense prior to plaintiffs' action in trespass); *Ohio Dept. of Admin. Serv. v. Morrow*, 67 Ohio App.3d 225, 235, 586 N.E.2d 259 (4th Dist.1990) (remanding for the trial court to address the issue of adverse possession, which was raised as an affirmative defense). In fact, "[i]t has long been held that adverse possession may be shown by a general denial of plaintiffs' right and possession." *Szaraz v. Consolidated R.R. Corp.*, 10 Ohio App.3d 89, 91, 460 N.E.2d 1133 (9th Dist.1983), citing *Rhodes v. Gunn*, 35 Ohio St. 387, 391 (1880), *Wintermute v. Montgomery*, 11 Ohio St. 442, 444 (1860), and 2 Ohio Jurisprudence 3d, Adverse Possession, Section 109, at 625.

{¶19} Accordingly, we conclude that Mr. Szep's assertion of adverse possession as an affirmative defense, rather than as a counterclaim, did not bar the trial court from entering summary judgment in his favor on Hedrick's claim of trespass.

{¶20} Hedrick further argues, however, that questions of fact remain as to the specific land in dispute. He contends that Mr. Szep did not submit evidence from which

7

the trial court could determine which portion of Hedrick's property is subject to adverse possession and, therefore, the boundary lines between the properties remain as reflected in the county records of deeds.

{¶21} The February 2018 plat map attached to Hedrick's complaint, completed by a professional land surveyor, demarcates the property line between the two properties. On a section of that demarcation is a small protrusion, labeled "E1." The map's legend indicates "E1" is an encroachment on Hedrick's property, described as follows: "Adjoiner's (* * * James Szep and Melanie Szep) 4' chain-link fence is 5.4 feet east of the property line on its northerly side and continues to encroach southerly for 53.7 feet as shown." In his motion for summary judgment, Mr. Szep refers to the following portions of Hedrick's deposition testimony: the fence is easy to see and has been in place the entire time Hedrick has owned his property, which he purchased in 1991; Mr. Szep purchased the neighboring property in 2000; neither the prior owner nor Mr. Szep ever asked for permission to use Hedrick's property; the property on the other side of the fence has always been maintained by Mr. Szep or the prior owner; Hedrick has no access to the property on the other side of the fence; and Hedrick did not demand removal of the fence until 2017.

{¶22} This undisputed evidence establishes that, since at least 1991, the property on Mr. Szep's side of the fence has been exclusively possessed by Mr. Szep or the prior owner, and their use of the property has been open, notorious, continuous, and adverse to Hedrick's property rights. Hedrick's 2019 trespass action as to any portion of the property located on Mr. Szep's side of the fence was not, therefore, brought within 21

8

years after the cause of action accrued, and the statute of limitations for recovery of real estate had expired. *See* R.C. 2305.04.

{¶23} Considering the evidence in the light most favorable to Hedrick, this court concludes Hedrick failed to establish a genuine issue of material fact as to his trespass claim. Summary judgment is therefore proper on Hedrick's complaint, and the trial court did not err in granting summary judgment in favor of Mr. Szep.

{¶24} Hedrick's first assigned error is without merit.

{¶25} Hedrick's final assigned error contends: "The trial court erred in granting the dismissal against Melanie Szep was improperly ordered [sic]."

{¶26} Hedrick argues the trial court erred in dismissing his complaint against Mrs. Szep because she did not file an answer and there was no evidence submitted as to her lack of an ownership interest in the subject property. These arguments are not well taken. The answer was filed jointly by Mr. and Mrs. Szep. And, because Hedrick's claim of trespass fails as a matter of law for the reasons stated above, Mrs. Szep's ownership of the neighboring property, or lack thereof, is irrelevant. Accordingly, the trial court did not err in dismissing the complaint with prejudice against Mrs. Szep. *See State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161, 656 N.E.2d 1288 (1995) (sua sponte dismissal is appropriate where the claimant obviously cannot prevail on the facts alleged in the complaint); *Concord Health Care, Inc. v. Schroeder*, 177 Ohio App.3d 228, 2008-Ohio-3392, 894 N.E.2d 351, ¶ 11 (11th Dist.) (same).

{¶27} Hedrick's third assigned error is without merit.

9

{¶28} The judgment of the Geauga County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

10